*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0074P (6th Cir.)
File Name: 04a0074p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

ANIKA WIKOL, by and
through her next friends,
Murray and Nanette Wikol,
*Plaintiff-Appellant/
Cross-Appellee,*

Nos. 02-1798/2047

*v.*

BIRMINGHAM PUBLIC
SCHOOLS BOARD OF
EDUCATION,
*Defendant-Appellee/
Cross-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Ann Arbor.
No. 00-60265—Marianne O. Battani, District Judge.

Argued: February 5, 2004

Decided and Filed: March 10, 2004

Before: NELSON, GILMAN, and ROGERS, Circuit
Judges.

## COUNSEL

**ARGUED:** Richard J. Landau, DYKEMA GOSSETT, Ann
Arbor, Michigan, for Appellant.  Richard E. Kroopnick,
POLLARD, ALBERTSON, NYOVICH & HIGDON,
Bloomfield Hills, Michigan, for Appellee.  **ON BRIEF:**
Richard J. Landau, DYKEMA GOSSETT, Ann Arbor,
Michigan, for Appellant.  Richard E. Kroopnick, POLLARD,
ALBERTSON, NYOVICH & HIGDON, Bloomfield Hills,
Michigan, for Appellee.

## OPINION

RONALD LEE GILMAN, Circuit Judge.  Anika Wikol is
a child with autism who is eligible for special education and
related services under the Individuals with Disabilities Act
(IDEA), 20 U.S.C. §§ 1400-1487.  She resides within the
Birmingham Public School District in Birmingham,
Michigan.  At issue in this case are her parents' attempts to
secure reimbursement from Birmingham for Anika's
educational program for the 1998-99 and 1999-2000
academic years.

The Wikols have appealed what they regard as an
inadequate award by the jury.  They also seek to recover
attorney fees, costs, and prejudgment interest, all of which the
district court denied.  In its cross-appeal, Birmingham
challenges the timeliness of the Wikols' appeal with respect
to all but their claim for attorney fees and costs.  For the
reasons set forth below, we agree that the Wikols' appeal was
untimely except for these latter items.  We accordingly
dismiss the bulk of the Wikols' claims for lack of appellate
jurisdiction.  With regard to their claim for attorney fees and

costs, we vacate the decision of the district court denying such relief and remand for reconsideration.

## I. BACKGROUND

When Anika was approximately two-and-a-half years old, her parents enrolled her in the preprimary impaired program in the Birmingham public schools. The Wikols soon became dissatisfied with the program. They consequently removed Anika from the public school system and established a full-time home-based alternative program recommended by the Lovaas Institute, a non-profit organization that specializes in educating children with autism. After approximately three years in the Lovaas home-based program, the Wikols decided to partially transition Anika back into the Birmingham public schools.

An "individualized education program team" comprised of the Wikols and members of Anika's school thus convened, pursuant to the IDEA, to develop an individualized education program (IEP) for Anika. At the meeting, Birmingham and the Wikols could not agree upon Anika's educational program because, according to the Wikols, Birmingham refused to (1) provide Anika with an IEP that would support her home-based education, and (2) reimburse the Wikols for their past expenses in providing Anika with the Lovaas program.

This impasse led the Wikols to request a due process hearing pursuant to 20 U.S.C. § 1415(f). The due process hearing did not occur, however, because the parties reached a settlement. Under the settlement agreement, dated April 8, 1998, Birmingham agreed to pay the Wikols $115,000 "as reimbursement for necessary educational services actually incurred or reasonably anticipated to be incurred during the 1994-95 through 1997-98 school years." The agreement further provided that Birmingham and the Wikols would meet to determine Anika's IEP for the following school years, and that if a Lovaas or Lovaas-style program were implemented,

Birmingham would pay "one-half of the costs of any such program." Despite the settlement for these prior years, disputes continued between the Wikols and Birmingham regarding reimbursement for the Lovaas program in the 1998-99 and 1999-2000 school years.

In December of 1999, the Wikols again requested a due process hearing to resolve the outstanding reimbursement issues. A local hearing officer was appointed in early 2000, but Birmingham objected to the hearing officer's jurisdiction and requested that the matter be dismissed. Birmingham and the Wikols ultimately stipulated to the dismissal of the Wikols' request for a due process hearing regarding the two school years in question, opting instead to "seek judicial resolution of the issues."

The Wikols brought suit in May of 2000 against Birmingham in the United States District Court for the Eastern District of Michigan. Eight months later, the Wikols moved for summary judgment, arguing that they were entitled to reimbursement from Birmingham for Anika's home-based Lovaas program. The district court granted the Wikols' motion in part with regard to the 1998-99 school year. It concluded that, pursuant to the settlement agreement, Birmingham owed the Wikols fifty percent of the "costs" of the Lovaas program, but that a genuine issue of material fact existed as to what constituted those costs. With regard to the 1999-2000 school year, the district court denied the Wikols' motion for summary judgment in its entirety.

The case then proceeded to trial, at the end of which the jury awarded the Wikols approximately $5,000 for costs incurred in providing Anika's home-based program for the 1998-99 school year. As for the 1999-2000 academic year, the jury determined that Birmingham's school-based educational program had provided Anika with a "free appropriate public education," and therefore declined to award the Wikols any reimbursement for that year.

Following the district court's entry of judgment on March 27, 2002, the Wikols timely moved for the recovery of attorney fees and costs pursuant to 20 U.S.C. § 1415, which the district court denied. The Wikols appeal from the district court's partial denial of their motion for summary judgment, the jury's verdict concerning the 1999-2000 school year, the district court's denial of their motion for attorney fees and costs, and the district court's denial of prejudgment interest. Birmingham cross-appeals, challenging the timeliness of the Wikols' appeal as to all issues other than their claim for attorney fees and costs.

## II. ANALYSIS

### A. Timeliness of the Wikols' appeal

We must determine, as a threshold issue, whether we have jurisdiction to hear the bulk of the issues raised in this appeal. On cross-appeal, Birmingham argues that we do not have such jurisdiction because the Wikols filed their notice of appeal late, outside of the time limits imposed by Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure.

Determining the timeliness of the Wikol's notice of appeal requires an analysis of the interplay between Rule 4 of the Federal Rules of Appellate Procedure and Rules 54, 58, and 59 of the Federal Rules of Civil Procedure. Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure provides the generally applicable limitation that a notice of appeal in a civil case must be filed "within 30 days after the judgment or order appealed from is entered." A litigant's compliance with this "mandatory and jurisdictional" requirement is of critical importance. 16A Wright et al., Federal Practice and Procedure § 3950.1 (3d ed. 1999).

Exceptions to the 30-day rule exist, however. If a party timely files any one of the six post-judgment motions enumerated in Rule 4(a)(4)(A) of the Federal Rules of

Appellate Procedure, other than the one for attorney fees, the time to file an appeal automatically runs for all parties from the entry of the order disposing of the last such remaining motion. The post-decisional motion relevant to this case is of course the one for attorney fees, which was filed pursuant to Rule 54 of the Federal Rules of Civil Procedure. When a litigant files a Rule 54 motion for attorney fees, the time to file a notice of appeal will run from the disposition of that motion "*if* the district court extends the time to appeal under Rule 58." Fed. R. App. P. 4(a)(4)(A)(iii) (emphasis added). The plain language of Rule 4 thus stipulates that in order for the time to file an appeal to be tolled when a party moves for attorney fees under Rule 54, the district court must affirmatively act pursuant to Rule 58 of the Federal Rules of Civil Procedure. Rule 58, in turn, provides that

> [w]hen a timely motion for attorney fees is made under Rule 54(d)(2), the court may act *before* a notice of appeal has been filed and has *become effective* to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

Fed. R. Civ. P. 58(c)(2) (emphasis added).

Rule 58's reference to "a timely motion under Rule 59" is initially puzzling, given that Rule 59 neither mentions the filing of a notice of appeal nor refers back to Rule 58. A number of cross-references are necessary to divine Rule 59's place in the Rule 4, 54, 58, 59 quagmire. The only part of Rule 59 that appears relevant to the timeliness of a notice of appeal is 59(e), which provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after the entry of the judgment." If we then look back to Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure, we see that a Rule 59 motion to alter or amend the judgment is one of the five enumerated motions that automatically resets

the time to file a notice of appeal "from the entry of the order disposing of the . . . motion."

We therefore conclude that when a timely motion for attorney fees is filed under Rule 54, and the district court exercises its discretion under Rule 4(a)(4)(A) to extend the time for filing a notice of appeal, the motion for attorney fees is given the same effect as a Rule 59 motion to amend or alter the judgment, which, pursuant to Rule 4(a)(4)(A), automatically resets the time to file a notice of appeal until the newly characterized Rule 59 motion, formerly a Rule 54 motion for attorney fees, is disposed of. *See Mendes Junior Int'l Co. v. Banco do Brasil*, 215 F.3d 306, 312 (2d Cir. 2000) ("Rule 58 expressly describes some of the temporal limitations on the district court's authority to order that a timely Rule 54 fee motion have the same effect as a timely motion under, for example, Rule 59 (which we will sometimes refer to as a 'Rule 58/54/59 order')."). Rule 58 imposes no time limit on when the district court must rule on the Rule 54 motion, except that it must act *before* "a notice of appeal has been filed and has become effective . . . ." This is the nub of the problem, because here the district court acted on the Wikols' Rule 54 motion *after* they had filed their notice of appeal.

On March 22, 2002, the Wikols moved for attorney fees and costs, which the district court denied on May 15, 2002. The Wikols then attempted to take advantage of the tolling provision of Rule 4(a)(4) in a May 24, 2002 motion to extend the time for filing a notice of appeal. Their motion provided in pertinent part as follows:

> 4. Plaintiffs hereby request that pursuant to Fed. R. Civ. P. 58, the Court order that the parties' motions for costs and attorneys' fees have the same effect under Rule 4(a)(4) of the Federal Rules of Appellate Procedure as a timely motion under Rule 59.

> 5. In the alternative, Plaintiffs request that pursuant to Fed. R. Civ. P. 58 and 59(e), the Court amend its May 15, 2002 Order to include a provision stating that the parties' March 22, 2002 motions to assess fees and costs shall be given the same effect under Rule 4(a)(4) of the Federal Rules of [Appellate] Procedure as a timely motion under Rule 59.

While this motion was pending in the district court, the Wikols filed their notice of appeal on June 14, 2002. On July 11, 2002, the district court granted the Wikols' motion for an extension of time in which to file a notice of appeal, ruling in pertinent part that

> the court grants the plaintiff's request and pursuant to Fed. R. Civ. P.[] 58, the March 22nd motion for costs and attorney fees shall have the same effect under Rule 4(a)(4) of the Federal Rules of Appellate Procedure as a timely motion under Rule 59. Therefore, the time for filing a notice of appeal shall run from the date of the entry of the Court's order on the motion for attorney fees, May 15, 2002.

Birmingham argues that the district court's July 11, 2002 grant of an extension of time to file the notice of appeal was ineffective because it was entered *after* the Wikols filed their June 14, 2002 notice, contrary to the language contained in Rule 58 of the Federal Rules of Civil Procedure that limits the district court's power to act to the time "*before* a notice of appeal has been filed and has become effective . . . ." (Emphasis added.) It contends that when the Wikols filed their notice of appeal on June 14, 2002, the notice became effective immediately; therefore, "[b]y the express terms of Rule 58, the District Court had no authority, on July 11, 2002, to enter its Order Extending the Time for Filing the Notice of Appeal."

In response, the Wikols argue that although they had *filed* their notice of appeal before the district court entered its Rule 58/54/59 order, "it is indisputable that the notice of appeal as to the underlying judgment had not yet become effective." They reason that because the notice of appeal was filed outside of Rule 4(a)(1)'s prescribed time period, it could only become effective upon some action of the district court triggering one of the exceptions to the 30-day limit. The Wikols conclude that their notice of appeal "became effective upon the district court's entry of its July 11, 2002 Memorandum and Order." For the reasons that follow, we respectfully disagree.

The key issue is whether the notice of appeal became effective prior to the time the district court issued its July 11, 2002 order. We look to Rule 4(a)(4)(B)(i) of the Federal Rules of Appellate Procedure for guidance as to the meaning of the word "effective." This portion of Rule 4 provides as follows:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Rule 4(a)(4)(B)(i) does not apply here because the Wikols' notice of appeal was filed *after* the entry of the order disposing of their Rule 54 motion, not before. The rule suggests, however, that the concept of "effectiveness" is limited to delaying the transfer of jurisdiction to the appellate court from an otherwise timely filed notice of appeal until the relevant post-judgment motion is decided. Supporting this interpretation are the advisory notes to Rule 4, which explain that

> [a] notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals. . . . [A] notice of appeal will ripen into an effective appeal upon disposition of a posttrial motion . . . .

Fed. R. App. P. 4(a)(4) advisory committee's notes.

Based upon this understanding of the word "effective," we hold that the Wikols' notice of appeal was effective on the day that it was filed, given that the judgment had been entered and that no motions that automatically toll the time to file a notice of appeal were pending. We therefore agree with Birmingham that the district court's July 11, 2002 order did not comply with the time requirements of Rule 58.

As a final comment on this issue, we cannot help but express dismay over the complexity of the rules regarding the timeliness of an appeal under the present circumstances. There should be no need to have to parse the language of four different rules of procedure in order to find an answer to whether an appeal is timely filed. *See generally,* Kenneth J. Servay, *The 1993 Amendments to Rules 3 and 4 of the Federal Rules of Appellate Procedure—A Bridge Over Troubled Water—Or Just Another Trap?*, 157 F.R.D. 587, 605 (1994) (noting that the amended Rule 4 "concerning the effect of post-judgment motions for attorney's fees" on the timeliness of a notice of appeal creates a "jurisdictional trap."). The basic problem is that five of the six post-judgment motions enumerated in Rule 4(a)(4)(A) *automatically* extend the time to file an appeal, but the remaining one (a motion for attorney fees pursuant to Rule 54) does not. Perhaps this is a topic that should be considered by the Advisory Committee to the Federal Rules of Appellate Procedure.

In any event, we have no choice but to dismiss the Wikols' appeal as untimely with respect to all but their claim for attorney fees and costs. "[E]ven where the attorney's fee motion is filed before the notice of appeal, under the wording of [Rule 58], that motion would not extend the appeal time unless the district court also extended the appeal time before the notice of appeal was filed." Servay at 606. This leaves us with the remaining issue regarding the Wikols' request for attorney fees and costs, as to which the appeal was indisputably timely. We now turn our attention to this issue.

**B.    The district court's denial of attorney fees and costs to the Wikols**

Following the district court's entry of judgment, the Wikols filed a motion for the recovery of attorney fees and costs pursuant to 20 U.S.C. § 1415. The district court denied the Wikols' motion, reasoning that although they were technically the prevailing parties, they did not prevail on the bulk of their case and they were therefore not entitled to attorney fees or costs. On appeal, the Wikols argue that the district court erred because they were undeniably the prevailing party and because there were no "special circumstances" justifying a denial of fees.

The IDEA provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. 1415(i)(3)(B). To be considered a "prevailing party" for the purpose of attorney fees, a plaintiff must "succeed on any significant issue in litigation which achieves some of the benefit the part[y] sought in bringing suit." *Berger v. Medina City Sch. Dist.*, 348 F.3d 513, 526 (6th Cir. 2003) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The district court found that the Wikols were a prevailing party because they had obtained a favorable judgment regarding reimbursement for Anika's schooling

during the 1998-99 academic year. Birmingham does not contest the Wikols' prevailing-party status.

We review a district court's decision of whether to award attorney fees under the "abuse of discretion" standard. *Phelan v. Bell*, 8 F.3d 369, 373 (6th Cir. 1993). A district court abuses its discretion when it relies upon clearly erroneous factual findings, applies the law improperly, or uses an erroneous legal standard. *Id.*

The IDEA's fee-shifting provision is to be interpreted consistent with 42 U.S.C. § 1988, the attorney-fees provision for civil rights actions. *Id.* Sixth Circuit case law requires that a district court award attorney fees to a prevailing party where no special circumstances militate against such an award. *Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir. 2001) ("[W]e have previously observed that although the Supreme Court has held [that] . . . it is within the district court's discretion to award attorney's fees under section 1988, in the absence of special circumstances a district court not merely may but must award fees to the prevailing plaintiff.") (quotation marks and citation omitted).

The Ninth Circuit has adopted a two-prong test to determine whether special circumstances exist, presumably in an effort to define "special circumstances" more precisely. Under this test, a court must consider "(1) whether awarding fees would further the congressional purpose in enacting [the IDEA], and (2) the balance of the equities." *Barlow-Gresham Union High School v. Mitchell*, 940 F.2d 1280, 1285 (9th Cir. 1991). Although the use of such a test gives the appearance of a systematic approach to defining "special circumstances," we question whether the Ninth Circuit's factors, due to their vagueness, render the test any more useful than the customary case-by-case analysis.

The Fourth Circuit has rejected the *Mitchell* test, reasoning that it "contains no real standards and provides no legitimate

reason for departing from the usual rule of awarding reasonable fees to prevailing plaintiffs under fee-shifting statutes." *Doe v. Bd. of Educ. of Baltimore County*, 165 F.3d 260, 264 n.2 (4th Cir. 1998) (holding that an attorney-parent's representation of his own daughter in an IDEA proceeding constituted special circumstances that justified the denial of an award of attorney fees). *But see Borengasser v. Arkansas State Bd. of Educ.*, 996 F.2d 196, 199 (8th Cir. 1993) (holding that the district court abused its discretion in not awarding attorney fees to the parents of a disabled child in an IDEA action where the school district had argued a lack of effort to resolve the dispute on the part of the parents' attorney). We agree with the Fourth Circuit's approach that attorney-fees awards should be analyzed on a case-by-case basis, without attempting to apply any predetermined formula.

Birmingham argues that the Wikols' allegedly "false and misleading" billings to Birmingham constitute special circumstances that justify denying their request for attorney fees. But this court has rejected the argument that a plaintiff's bad acts are special circumstances warranting the denial of attorney fees. *Price v. Pelka*, 690 F.2d 98, 101 (6th Cir. 1982) (holding that the plaintiff's perjury was not a special circumstance that warranted a denial of attorney fees in a housing discrimination case). Given this precedent, the record does not support a finding of special circumstances warranting the denial of attorney fees to the Wikols, even if we assume that some billings were false or misleading. We therefore remand the issue of attorney fees and costs to the district court.

On remand, the district court should take into consideration the extent to which the Wikols succeeded on their claims. *See Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) ("[W]here the plaintiff achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.") The Wikols may well receive reimbursement for only a fraction of their total legal

fees under the *Eckerhart* standard but, under this court's precedents, their "limited success" should not have acted as a total bar to recovery.

Birmingham also argues that the Wikols are barred from attorney fees under 20 U.S.C. § 1415(i)(3)(D), which provides that a plaintiff will not be awarded attorney fees where he or she rejects a written settlement offer and the court finds that the relief obtained by the plaintiff is not more favorable than the offer of settlement. The settlement-offer exception to an award of attorney fees might indeed bar the Wikols from recovery, but the district court did not make the requisite finding that the relief obtained by the Wikols was less favorable than whatever offer Birmingham may have made. On remand, the district court should therefore consider 20 U.S.C. § 1415(i)(3)(D)'s potential applicability to this case.

### III. CONCLUSION

For all of the reasons set forth above, we conclude that the Wikols' notice of appeal was untimely as to the bulk of their claims. We therefore have jurisdiction only over the district court's denial of attorney fees and costs, which decision we vacate and remand with instructions to reconsider.