**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0064n.06**
**Filed: January 26, 2005**

**No. 03-3997**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **ANTOINETTE CLEVELAND,** | ) | |
| | ) | **ON APPEAL FROM THE** |
| *Plaintiff-Appellant,* | ) | **UNITED STATES DISTRICT** |
| | ) | **COURT FOR THE** |
| **v.** | ) | **NORTHERN DISTRICT OF** |
| | ) | **OHIO** |
| **AZIZ IBRAHIM; MICHAEL IBRAHIM,** | ) | |
| | ) | |
| | ) | **O P I N I O N** |
| *Defendants-Appellees.* | ) | |

BEFORE:     NELSON, COLE, Circuit Judges; SARGUS, District Judge.[*]

**R. GUY COLE, JR., Circuit Judge.**  Plaintiff Antoinette Cleveland prevailed at trial in her

housing discrimination case.  The district court declined to award fees and costs because the case

was "close and difficult."  For the reasons expressed below, we **REVERSE** the judgment of the

district court regarding the attorney's fees and costs and we **REMAND** the case for an assessment

of the proper amount to be awarded.

**I.  BACKGROUND**

The plaintiff-appellant, Antoinette Cleveland, prevailed in a bench trial on claims that

defendants Aziz and Michael Ibrahim violated 42 U.S.C. §§ 1981, 1982, and § 3601 *et seq.* by

refusing to sell Cleveland a house on account of her race.  Although the district court granted

_____

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern
District of Ohio, sitting by designation.

judgment in favor of Cleveland, it declined to award her attorney's fees pursuant to 42 U.S.C. § 3613(c)(2), or costs pursuant to Fed. R. Civ. P. 54(d), stating that the case was "close and difficult." Cleveland timely appealed the denial of attorney's fees and costs.

## II. ANALYSIS

As an initial matter, we review the district court's decision of whether to award attorney's fees and costs under the abuse of discretion standard. *Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004) (attorney's fees); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (costs). "A district court abuses its discretion when it relies upon clearly erroneous factual findings, applies the law improperly, or uses an erroneous legal standard." *Wikol*, 360 F.3d at 611.

To promote effective access to the judicial system for housing discrimination claims, Congress enacted an attorney's fee provision which provides that "[i]n a civil action under subsection (a) of this section, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." 42 U.S.C. § 3613(c)(2). The language of this fee-shifting provision parallels the language of 42 U.S.C. § 1988(b), another fee-shifting statute designed to vindicate civil rights. As the language used in both provisions is virtually identical, they have been interpreted similarly by the courts. *See Indep. Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 578-59 & n.2 (1989) (stating that the "fee-shifting statutes' similar language is a strong indication that they are to be interpreted alike") (internal quotation marks omitted); *Foster v. Barilow*, 6 F.3d 405, 408 (6th Cir. 1993) (noting the parallel language between 42 U.S.C. § 3613(c)(2) and § 1988(b), and stating that § 3613(c)(2) adopts the meaning of "prevailing party" as is used in § 1988(b)).

In light of the congressional intent behind these fee-shifting provisions, the Supreme Court has held that a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotation marks omitted). We have previously stated that where there are no special circumstances, the district court does not merely have the right to award attorney's fees, but in fact *must* award attorney's fees. *Wikol*, 360 F.3d at 611 (citing *Berger v. City of Mayfield Heights*, 265 F.3d 399, 406 (6th Cir. 2001)). Thus, while the district court generally has discretion in determining whether to award attorney's fees, once it is determined that no "special circumstances" exist, this discretion is strictly cabined in civil rights cases. *See, e.g., N.J. Coalition of Rooming and Boarding House Owners v. Mayor and Counsel of the City of Asbury Park*, 152 F.3d 217, 225 (3d Cir. 1998). Thus, the question here turns on whether Cleveland's case involved "special circumstances."

Neither the Supreme Court nor this Court have defined what "special circumstances" could defeat an attorney's fee award to a prevailing plaintiff. *See Hensley*, 461 U.S. at 429; *Wikol*, 360 F.3d at 611 (rejecting a formulaic approach to determining whether special circumstances exist, and adopting instead, a case-by-case approach). In light of the purpose of the fee-shifting provisions of 42 U.S.C. § 3613(c)(2), and § 1988(b), we do not find that any special circumstances exist which would make the awarding of fees and costs unjust in the instant case.

First, while there are no bright line rules regarding special circumstances, the courts have made clear that special circumstances should not be easily found. *See, e.g., Blanchard v. Bergeron*, 489 U.S. 87, 96 (1989) (finding that a contingent-fee agreement between the prevailing party and his attorney is not a special circumstance justifying the denial of an attorney's fee award, because

the purpose of the fee-shifting provision is to encourage socially productive litigation regardless of the monetary damages won, and because a contrary rule would not equally encourage suits involving injunctive and declaratory relief); *Inmates of Allegheny County Jail v. Pierce*, 716 F.2d 177, 180 (3d Cir. 1983) (holding that the losing party's ability to pay is not a special circumstance justifying the outright denial of an attorney's fee award); *Milwe v. Cavuoto*, 653 F.2d 80, 83 (2d Cir. 1981) (stating that the nominal amount of damages won by plaintiff is not a special circumstance justifying the denial of an attorney's fee award).

Second, there is no support for the proposition that the closeness or difficulty of a case constitutes a special circumstance under which a district court may deny attorney's fees in civil rights cases. The district court relied on *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986), where we stated that costs may be denied where the case is close and difficult. However, in that case we upheld the denial of costs in an antitrust action, and we noted that, "costs may be denied to a prevailing defendant in an antitrust action, for no statute or rule expressly supercedes a district court's discretion under Rule 54(d) in such cases." Here, the determination of an attorney's fee award is guided by 42 U.S.C. § 3613(c)(2), not Fed. R. Civ. P. 54(d). Thus, because a statute other than Rule 54(d) applies, the reasoning of *White & White* is not squarely applicable here.

Finally, we must consider that the purpose of the fee-shifting provision is to make it easier for a plaintiff of limited means to bring a meritorious suit, by offering some incentive for attorneys to take such cases. *See N.Y. Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 63 (1980); *Hensley*, 461 U.S.

at 444 (Brennan, J., concurring in part). If we were to hold that the closeness or difficulty of a case is a special circumstance that could defeat an attorney's fee award altogether, then the fee-shifting provision would not work as intended. Indeed, it is often the factually close or legally difficult cases with which a potential plaintiff would need the most assistance and could benefit the most from the aid of an attorney. Appellees may argue that the more difficult or complicated cases should be, by their very nature, resolved by the parties outside of litigation, because the discrimination in such cases is not readily apparent. However, what makes a case complicated does not necessarily make it less meritorious. Moreover, permitting some attorney's fees in even the close and difficult cases furthers the purpose of the fee-shifting provisions while leaving open the possibility of proper settlements. *See Hensley*, 461 U.S. at 444 (Brennan, J., concurring in part) ("For certain rights selected by Congress, § 1988 facilitates litigation by plaintiffs and encourages them to reject half-measure compromises, while at the same time it gives defendants strong incentives to avoid arguable civil rights violations in the first place and to make concessions in hope of an early settlement.") (internal citations omitted).

For all of these reasons, we do not find that the closeness or difficulty of a case is a "special circumstance" which can defeat an attorney's fee award altogether. Consequently, because the district court identified no other potential special circumstance, controlling precedent dictates that an attorney's fee award of some sort must be granted. *See Morscott, Inc. v. City of Cleveland*, 936 F.2d 271, 272-73 (6th Cir. 1991). The same analysis holds for costs, because the fee-shifting

provision of § 3613(c)(2) provides for an award of "attorney's fee and costs."[1] *See N.J. Coalition of Rooming and Boarding House Owners*, 152 F.3d at 225 (noting that the district court did not find any "special circumstance" justifying its decision not to award attorney's fees *and* costs under § 3613(c)(2)).

We leave it to the district court's judgment as to how much to award Cleveland in attorney's fees and costs, and we note that the $84,611.50 figure in fees provided by the plaintiff may be higher than is merited. In determining the amount to award, the district court may consider all the factors it deems appropriate. *Wikol*, 360 F.3d at 611-12.

## III. CONCLUSION

For the forgoing reasons, we reverse the district court's denial of attorney's fees and costs under 42 U.S.C. § 3613(c)(2), because there are no special circumstances warranting an outright denial of such an award.

---

[1] The fee-shifting provision of § 3613(c)(2) differs from that in § 1988(b), in that § 1988(b) provides for an award of attorney's fees "as part of the costs." In that context, we have held that an award of costs "is separate and distinct from and totally unrelated to an award of attorney's fees [under] § 1988." *Kelley v. Metro. County Bd. of Educ.*, 773 F.2d 677, 681 (6th Cir. 1985) (*en banc*). Therefore, under § 1988(b), Fed. R. Civ. P. 54(d) provides the standard for determining whether "costs other than attorney's fees shall be allowed as of course to the prevailing party." Here however, § 3613(c)(2) allows both the attorney's fee *and* the costs to shift. Therefore, both are controlled by this statutory provision.

**DAVID A. NELSON**, Circuit Judge, dissenting. Because I am not persuaded that the district judge abused her discretion in declining to award attorney fees and costs in this case, I respectfully dissent.

Having heard the evidence first-hand, the judge concluded that this case is a "close" one. A close case, as I understand it, could well be decided either way. And if Judge Aldrich had known that our court would deny her the discretion to achieve what she evidently believed, in light of the ambiguities in the evidence, would be the fairest possible outcome — an outcome in which the plaintiff could recover damages but not costs and attorney fees — it is not inconceivable that the judge might have taken a more skeptical view of the plaintiff's case in chief.

Be that as it may, only a small percentage of cases that go to trial can properly be characterized as close. When one of those cases comes along, it is difficult to say with confidence whether the case is meritorious or not. The judge who actually hears the case is in the best position to assess its merits — and if the trial judge concludes that the evidence approaches virtual equipoise, it seems to me that it would best accord with the intent of Congress to let the judge treat the closeness of the case as a special circumstance justifying an award of damages without an award of attorney fees.

The intent of Congress, as we know from the plain words of the statute, was that the trial court should be empowered to award reasonable attorney fees "in its discretion." We drain the statutory language of meaning, it seems to me, if we hold that even where a case is so close that the trial judge thinks it would be unjust to award attorney fees on top of damages, the judge cannot award any

damages at all without awarding attorney fees too.  Accordingly, and because I am aware of no

published decision that requires us so to hold,  I would affirm Judge Aldrich's decision here.