**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0688n.06
Filed: November 12, 2008

No. 07-2080

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| VICTOR DeLEON, | ) | |
| | ) | |
| **Plaintiff-Appellant,** | ) | **ON APPEAL** FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| v. | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| CITY OF ECORSE; LARRY | ) | |
| SALISBURY, individually and in his | ) | **O P I N I O N** |
| official capacity; GEORGE ANTHONY, | ) | |
| in his official capacity, | ) | |
| | ) | |
| **Defendants-Appellees.** | ) | |
| | ) | |

**Before: MOORE and WHITE, Circuit Judges; and VINSON,*** **District Judge.**

**WHITE, Circuit Judge.** This appeal concerns a request for an award of plaintiff's

attorney's fees and costs pursuant to 42 U.S.C. § 1988. Victor DeLeon (plaintiff, appellant, or

DeLeon) sued the City of Ecorse, Larry Salisbury, and George Anthony (collectively, defendants or

appellees) alleging violations of the due process clause of the Fourteenth Amendment related to the

termination of his employment as an Ecorse police officer. After defendants' motion for summary

judgment was granted in part and denied in part, the parties entered into a settlement agreement

pursuant to which an arbitration proceeding would be held and any award of attorney's fees would

---

*The Honorable C. Roger Vinson, United States District Judge for the Northern District of
Florida, sitting by designation.

subsequently be decided by the court. After the arbitration proceeding concluded, DeLeon moved for his attorney's fees and costs, which the district court denied. DeLeon's appeal of that ruling is now before this court. For the following reasons, we **AFFIRM**.

## I. BACKGROUND

### A. Underlying Suit

The essential facts do not appear to be in dispute for purposes of this appeal. For twenty-eight years, DeLeon was employed as a police officer by the City of Ecorse. After an on-the-job physical altercation between DeLeon and Ecorse's City Attorney, for which DeLeon was charged with a misdemeanor count of assault and battery, the police department initiated a disciplinary proceeding against DeLeon. This "Chief's Hearing" was held on March 17, 2004, and shortly thereafter the department gave DeLeon the options of either termination or voluntary retirement. On April 6, 2004, DeLeon submitted his retirement letter.

However, in letters dated May 25 and October 25, 2004, DeLeon, through his counsel, wrote to Ecorse Mayor Larry Salisbury stating that DeLeon was a veteran of the United States Marines who served during the Vietnam War and requesting that DeLeon therefore be afforded the pre-termination hearing to which he was entitled under the Michigan Veteran's Preference Act (MVPA), Mich. Comp. Laws § 35.402.[1] DeLeon also claimed that his alleged conduct did not justify his discharge

---

[1] The MVPA prohibits the removal (and other specified adverse employment actions) of a veteran holding public employment "except for official misconduct, habitual, serious or willful neglect in the performance of duty, extortion, conviction of intoxication, conviction of felony, or incompetency"; and any such removal may only occur "after a full hearing" before, in DeLeon's case, "the mayor of [the] city." Mich. Comp. Laws § 35.402. Moreover, "at such hearing the veteran shall have the right to be present and be represented by counsel and defend himself against such charges," and "shall be entitled to a notice in writing stating the cause or causes of removal . . . at least 15 days prior to the hearing . . . , and such removal . . . shall be made only upon written order of . . . the mayor[.]" *Id.*

under the discipline provision in the collective bargaining agreement (CBA) between police officers and the City of Ecorse. Mayor Salisbury apparently did not respond to these letters.

On December 22, 2004, DeLeon sued the City of Ecorse, Mayor Salisbury (in his official and individual capacities), and police chief George Anthony (in his official capacity).[2] This one-count complaint alleged that defendants violated DeLeon's due process rights guaranteed by the Fourteenth Amendment. Specifically, DeLeon argued that he had a property interest in his employment based on two "independent sources": the MVPA and the CBA. Joint Appendix (J.A.) 11 (Compl. ¶ 1). He contended that he was constructively discharged; that the defendants made no findings regarding the criteria for discharge under the MVPA, the CBA, or the city's charter; and that his decision to retire was "involuntary and unknowing." J.A. 13-15 (Compl. ¶¶ 12, 17, 19, 23-24). He claimed that, "[a]s a result of the constructive discharge," he suffered "severe and extreme emotional and psychological stress due to his constructive discharge [] and loss of pension rights," as well as "a loss of back pay, seniority status, reduction in pension and other benefits." J.A. 16 (Compl. ¶¶ 31-32). DeLeon also sought punitive damages from Mayor Salisbury in his individual capacity. J.A. 16 (Compl. ¶ 33). DeLeon alleged that defendants' failure "to hold a 'right to reply' pre-termination hearing[,] . . . to hold a 'full trial-like' hearing at some point, either pre-termination or post-termination[,] . . . [and] to make findings regarding the substantive predicates necessary for discharge" as defined by the MVPA, the CBA, and the city's charter all violated DeLeon's Fourteenth Amendment right to due process. J.A. 17-18 (Compl. ¶¶ 39-43). DeLeon's prayer for relief requested "reinstatement and all equitable remedies," compensatory damages, punitive

---

[2]Suit was originally filed in state court and was subsequently removed.

damages, attorney's fees pursuant to 42 U.S.C. § 1988, and costs and interest. J.A. 19 (Compl. at 10).

On January 11, 2006, the district court granted partial summary judgment in favor of defendants as to the alleged individual-capacity liability of Mayor Salisbury and the municipal liability of the City of Ecorse, but denied defendants' motion as to the official-capacity liability of Salisbury for failing to provide the MVPA hearing DeLeon demanded. *DeLeon v. City of Ecorse*, No. 05-CV-70187-DT, 2006 WL 83063, at *11 (E.D. Mich. Jan. 11, 2006). The court rejected two of DeLeon's arguments in support of his claim that his procedural due process rights had been violated. *See id.* at *7-9. However, the court also ruled that because "only a mayor can be the final decisionmaker pursuant to the MVPA, not a chief of police," and because it was undisputed that DeLeon did not have a hearing before Mayor Salisbury as was required by the MVPA, a reasonable jury could find that DeLeon's right to such a hearing was violated. *Id.* at *10. The court observed that DeLeon did not cite any evidence to dispute a finding that his "violent, indeed criminal, conduct" was anything less than "serious neglect" in the performance of his duty—which would be a sufficient basis for discharge under the MVPA. *Id.* Nevertheless, because Mayor Salisbury had not held the hearing to which DeLeon was entitled, the court denied summary judgment on DeLeon's "MVPA procedural due process claim." *Id.*

Shortly after the court's ruling, in an apparent attempt to cure the procedural defect that the court had identified, the City of Ecorse conducted a hearing before Mayor Salisbury—purportedly "in strict compliance with the Michigan Veterans Preference Act"—at which the Mayor determined that any termination of DeLeon would be justified. J.A. 59 (Defs.' Renewed Mot. for Summ. J. ¶ 3). Plaintiff, by his attorney, objected to the hearing and did not attend because he believed it "illegal

4

for the mayor (or anyone chosen by the City of Ecorse or the mayor) to be the decisionmaker." J.A. 206 (Pl.'s Mot. for Att'y Fees & Costs at Ex. 8). Nevertheless, after holding the hearing, defendants renewed their motion for summary judgment on the remaining MVPA claim. However, according to defendants, the court was "not satisfied with the process surrounding the MVPA hearing" and refused to dismiss the claim. J.A. 239 (Resp'ts' Post-Hr'g Br. 2, Pl.'s Mot. for Att'y Fees & Costs at Ex. 10).

The parties subsequently entered into settlement discussions and agreed to submit the case to the American Arbitration Association (AAA). Defendants agreed that "the issue of the dismissal and any remedy beyond that would be handled through the arbitration process." J.A. 67 (Settlement Conf. Tr. 4) (quoting defense counsel). The parties further agreed that the district court would dismiss the case but retain jurisdiction so that plaintiff could, if he wished, file a motion for attorney's fees and costs after the arbitration concluded—and that any such motion would not be entirely dependent on the arbitrator's decision. *See* J.A. 67-69 (Settlement Conf. Tr. 4-6). On March 10, 2006, the district court issued an order dismissing the matter "pursuant to the settlement agreement placed on the record" at the settlement conference and ordering that "the Plaintiff's claims in their entirety" were to be submitted to the AAA for "binding arbitration." J.A. 63 (Order Dismissing Claims & Retaining Jurisdiction for Att'y Fees & Costs 2). The court retained jurisdiction "solely for the purpose of entertaining a motion by plaintiff for attorneys fees and costs." *Id.*

## B. Arbitration

The parties proceeded to arbitration. The arbitrator rejected DeLeon's unlawful termination claim, finding "that the uncontroverted evidence shows that [DeLeon] intentionally used physical

violence during his official interaction with the City Attorney," and that this "constituted official misconduct and amounted to serious and/or willful neglect in the performance of his duties as an Ecorse police officer." J.A. 196 (Award of Arbitrator 5). The arbitrator upheld DeLeon's claim that the failure to provide him a pre-termination hearing pursuant to the MVPA violated due process. The arbitrator reasoned, however, that a violation of the MVPA did not automatically entitle DeLeon to reinstatement with back pay, and that an award of back pay would not be appropriate when a veteran is removed for cause. The arbitrator therefore denied DeLeon's request for reinstatement and back pay.

With respect to DeLeon's MVPA due process claim, the arbitrator acknowledged that defendants' "failure to timely provide [DeLeon] with a MVPA hearing resulted in [DeLeon] incurring costs for a determination to which he was statutorily entitled." *Id.* The arbitrator found that "the costs associated with this arbitration should be borne solely by Respondents," and accordingly granted DeLeon's request that defendants "reimburse" plaintiff for his portion of the filing fee, administrative fee, and total arbitrator's fee in connection with the arbitration proceeding—a figure that came out to $9,008.00. J.A. 196-97 (Award of Arbitrator 5-6).

## C. Motion for Attorney's Fees and Costs

DeLeon subsequently filed a motion for attorney's fees and costs with the district court. DeLeon claimed prevailing party status based on both the settlement order of March 10, 2006 and the arbitrator's subsequent decision.[3] Defendants opposed this motion, arguing that DeLeon's

---

[3]Using an hourly rate of $225, DeLeon calculated the lodestar amount at: (a) $39,105.00 in fees incurred prior to the settlement placed on the record at the February 28, 2006 settlement conference, (b) $42,817.50 of fees incurred after the settlement, which DeLeon claimed went "[t]o enforce and monitor the settlement," (c) $2,457.68 "[t]o research and write with regard to fees," which DeLeon stated was the maximum percentage allowable under this circuit's precedent, and (d)

"technical win" under the MVPA did not entitle him to prevailing party status and that, even if DeLeon could be considered a prevailing party, he did not "prevail substantially on enough of his claims" to be entitled to attorney's fees. J.A. 297, 300-01 (Defs.' Resp. in Opp'n to Pl.'s Mot. for Att'y Fees & Costs 2, 5-6).[4] "More importantly," defendants argued, "the City has already compensated Plaintiff for his purported due process violation claim through the payment of the arbitration filing fee, administrative fee and Arbitrator fee." J.A. 297 (Defs.' Resp. in Opp'n 2).

The district court denied DeLeon's motion. *DeLeon v. City of Ecorse*, No. 05-CV-70187, 2007 WL 2259331 (E.D. Mich. Aug. 3, 2007). DeLeon timely appealed this ruling, and his appeal is now before this court.

## II. ANALYSIS

### A. Standard of Review

42 U.S.C. § 1988(b) provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in an action or proceeding brought to enforce a provision of certain specified civil rights statutes. Our review of a district court's attorney's-fees determination is ordinarily a two-step inquiry. We first review de novo the district court's legal determination of prevailing party status. *Radvansky v. City of Olmsted Falls*, 496 F.3d 609, 619 (6th Cir. 2007). "After a district court determines that a plaintiff is a prevailing party . . . , it must then determine what is a 'reasonable' attorney's fee." *Cramblit v. Fikse*, 33 F.3d 633, 634 (6th Cir.

---

$1,076.70 in total costs available under 42 U.S.C. § 1988 and Federal Rule of Civil Procedure 54(d)(1). J.A. 77 (Pl.'s Mot. for Att'y Fees & Costs 5). Costs related to the arbitration were already apportioned by the arbitrator and are not at issue in this appeal.

[4]Defendants further disputed the amount of the fees plaintiff requested, contending that it should be reduced to reflect plaintiff's degree of success in a case that, according to defendants, "largely failed." J.A. 301-03 (Defs.' Resp. in Opp'n 6-8).

7

1994).  We review a district court's award or denial of attorney's fees for an abuse of discretion. *Wikol ex rel. Wikol v. Birmingham Public Sch. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004).  "A district court abuses its discretion when it relies upon clearly erroneous factual findings, applies the law improperly, or uses an erroneous legal standard." *Id.*  "An abuse of discretion may also be found when the reviewing court is firmly convinced that a mistake has been made." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (citation and internal quotation marks omitted).

## B.  Review of District Court's Decision

DeLeon claims that he became a "prevailing party" upon entry of the March 10, 2006 settlement order and because of the subsequent arbitration proceeding.[5]  The district court held that the settlement order did not grant any substantive relief to DeLeon, but "merely submitted Plaintiff's claims to arbitration," and therefore was unconvinced that this materially altered the parties' legal relationship.  *DeLeon*, 2007 WL 2259331, at *4.  As for the arbitration, the district court acknowledged that DeLeon "succeed[ed] in proving that his due process rights were violated" and therefore "achieve[d] some degree of success": "[t]he fact that Defendants were required to pay all of the arbitration costs as a result of the due process denial, a portion of which costs was originally Plaintiff's obligation, modified Defendants' behavior in a way that directly benefits Plaintiff." *Id.* at *5.  The court ruled that DeLeon may be considered a prevailing party "[t]o the extent that" the

---

[5]A litigant must be a "prevailing party" to qualify for attorney's fees under § 1988.  "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992).  "[T]he Supreme Court has held that a plaintiff is a 'prevailing party' when he receives 'at least some relief on the merits of his claim,' even nominal damages." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 835 (6th Cir. 2005) (quoting *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598, 603 (2001)).

8

arbitrator's decision materially altered the parties' legal relationship, but noted that "[t]o the extent that the arbitrator's award is insufficient to bestow prevailing party status upon Plaintiff, Plaintiff fails to establish his eligibility for an award of attorneys' fees." *Id.* at *5 & n.5.

We need not decide whether DeLeon was made a "prevailing party" either by the settlement order or the arbitration. Assuming *arguendo* that DeLeon was a "prevailing party," we nevertheless conclude that the district court did not abuse its discretion in declining to award attorney's fees to DeLeon. Section 1988 provides in pertinent part that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988. The Supreme Court has made clear that

> [o]nce civil rights litigation materially alters the legal relationship between the parties, "the degree of the plaintiff's overall success goes to the reasonableness" of a fee award under *Hensley v. Eckerhart*[.] Indeed, "the most critical factor" in determining the reasonableness of a fee award "is the degree of success obtained."

*Farrar*, 506 U.S. at 114 (citations omitted). The "technical" nature of an award does not affect whether a plaintiff prevailed, but "it does bear on the propriety of fees awarded under § 1988." *Id.*

The district court found DeLeon's procedural victory regarding the hearing to which he was entitled under the MVPA to be insufficient to support an award for fees in this case. The court observed that "[DeLeon]'s success was only in the context of establishing procedural rights"—and that "[t]he procedural issue, though not insignificant, was not the substance of his case." *DeLeon*, 2007 WL 2259331, at *6. According to the court, "it was the CBA-based property interest in employment that was the meat of Plaintiff's claims, not the rather ethereal MVPA violation upon which he now bases his claim for attorneys' fees." *Id.* at *5. The district court acknowledged that DeLeon achieved "some degree of success," but observed that "the relief Plaintiff obtained, in light

9

of the relief he sought, [was] not substantial." *Id.* The court found that the arbitration award was akin to a mere technical victory, as the award to DeLeon of his arbitration costs "in essence left Plaintiff in only a marginally more favorable position after arbitration," and concluded that "the award in this case reinforces the technical nature of Plaintiff's success." *Id.* at *6.

The district court did not abuse its discretion when it concluded that any success by DeLeon in this litigation was "technical" and insubstantial. Although the arbitrator awarded DeLeon what turned out to be $9,008, DeLeon acknowledges that this award "compensated DeLeon for arbitration costs." Appellant's Br. 50. Thus, the award of $9,008 was more than nominal, but it was clearly technical or de minimis when considered in context.

As this court recently observed, "[t]he trial court's exercise of discretion is entitled to substantial deference because the rationale for the award is predominately fact-driven." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008). "This deference 'is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). We see no reason in this case not to defer to the district court's understanding of the litigation and, thus, the "degree of success obtained" by DeLeon. Accordingly, and in light of the fact that "the most critical factor" in determining the reasonableness of a fee award is a party's success, *see Hensley*, 461 U.S. at 436, we find that the district court did not abuse its discretion in failing to award DeLeon his attorney's fees.[6]

---

[6]The district court therefore did not abuse its discretion by not awarding DeLeon any fees for his fee-related litigation efforts or his costs under Rule 54(d) of the Federal Rules of Civil Procedure.

## III.  CONCLUSION

Because it was within the district court's discretion to decline to award DeLeon his attorney's fees in this case, the district court's denial of the motion for attorney's fees is **AFFIRMED**.