NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0922n.06
Filed: November 21, 2005

No. 04-2365

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

DALROIS MCBURROWS,

    Plaintiff-Appellant,

v.

MICHIGAN DEPARTMENT OF TRANSPORTATION,

    Defendant-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
WESTERN DISTRICT OF
MICHIGAN

_____/

BEFORE:    MARTIN, GIBBONS and GRIFFIN, Circuit Judges.

    BOYCE F. MARTIN, JR., Circuit Judge. Dalrois McBurrows appeals the district court's decision denying his motion for a new trial on damages and his motion seeking attorney fees and costs. For the following reasons we AFFIRM the district court's judgment.

I.

    Prior to April 2003, McBurrows had been employed by the Michigan Department of Transportation as a transportation planning manager for approximately thirteen years. Between 1996 and 2000, McBurrows applied for four promotions within the Department; he was not selected for any of them. McBurrows believed that he was qualified for these promotions and as a result of the Department's failure to promote him, McBurrows filed suit in Michigan state court alleging

racial and gender discrimination and retaliation in violation of state law. The lawsuit was eventually dismissed by the state court.

In July of 2002, McBurrows applied for three more positions within the Department; again, he was not promoted. Consequently, on April 2, 2003, McBurrows filed suit in federal court alleging that the Department failed to promote him to any of the three positions he applied for in 2002 based upon either race discrimination or unlawful retaliation for his earlier lawsuit in violation of federal law. Along with other relief, McBurrows sought compensation for the lost wages and benefits which he was denied based upon the Department's failure to promote him.

At trial, McBurrows presented evidence that he claimed demonstrated that he was more qualified for the positions than the individuals whom the Department eventually hired. Additionally, McBurrows submitted evidence indicating that he would have received additional compensation of between approximately $3-$12 per hour had he received one of the three promotions for which he applied. The Department submitted no evidence contradicting this assertion.

The jury returned a split verdict. Although the jury did not conclude that the Department had discriminated against McBurrows based on his race, it did conclude that the Department had retaliated against McBurrows because of his earlier lawsuit. The jury awarded McBurrows damages in the amount of one dollar. McBurrows then filed a post-trial motion seeking a new trial on damages as well as a motion for attorney fees. The district court denied both motions and McBurrows filed this appeal.

II.

McBurrows alleges that the district court erred in denying his motion for a new trial as to

damages because the jury's verdict in his favor is inconsistent with its award of only nominal

damages given the uncontroverted evidence admitted at trial that McBurrows's compensation would

have increased had the Department promoted him. We review a district court's denial of a motion

for a new trial for an abuse of discretion. *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996).

Thus, this court may not disturb a district court's ruling on a motion for a new trial absent "a definite

and firm conviction that the trial court committed a clear error of judgment." *Id.* (quotation marks

and citation omitted). Reviewing the evidence in this case, we cannot conclude that the district court

abused its discretion by denying McBurrows's motion for a new trial as to damages.

A district court should grant a motion for a new trial as to damages where "the evidence

indicates that the jury awarded damages in an amount substantially less than unquestionably proved

by the plaintiff's uncontradicted and undisputed evidence."*Id.* (emphasis omitted). "A trial court

may not grant a new trial on the ground of insufficient damages unless the jury verdict is one that

could not reasonably have been reached." *Id.*

McBurrows's claim - that the jury's award of nominal damages is inconsistent with its

verdict finding that the Department retaliated against him - is meritless given the jury instructions

provided by the district court. The district court instructed the jury that in order to find that the

Department had retaliated against McBurrows the jury need only conclude that retaliation was a

motivating factor in the Department's decision not to promote McBurrows. This is likely what the

jury determined when it rendered a verdict in favor of McBurrows. The jury, however, could also

have concluded that retaliation was not the motivating factor in the Department's decision not to

promote McBurrows. There was evidence introduced by the Department at trial indicating

McBurrows was not as qualified for the positions at issue in the litigation as those individuals that the Department ultimately hired. Based on the evidence the jury could reasonably have concluded that while retaliation was a motivating factor in the Department's decision, the Department would have denied McBurrows the promotions even absent any retaliatory intent because McBurrows was a lesser qualified candidate. The jury would therefore be correct to conclude that no compensable injury occurred and thus only nominal damages ought to be awarded. Under such circumstances, there is no inconsistency between the evidence submitted at trial, the jury's verdict in favor of McBurrows and its award of nominal damages. The district court therefore did not abuse its discretion by denying McBurrows's motion for a new trial as to damages.

III.

McBurrows also alleges that the district court erred in denying his motion for attorney fees and costs. We review a district court's denial of a party's motion for attorney fees for an abuse of discretion. *McCombs v. Meijer, Inc.*, 395 F.3d 346 (6th Cir. 2005). We cannot conclude that the district court abused its discretion in denying McBurrows's motion.

Under federal law, a prevailing plaintiff in a Title VII action may seek to obtain reasonable compensation for attorney fees and other costs incurred as a result of litigation. 42 U.S.C. § 2000e-5k. Even a plaintiff who wins only nominal damages is considered a prevailing party for purposes of attorney fees compensation. *See Pouillon v. Little*, 326 F.3d 713, 716 (6th Cir. 2003) (dealing with the issue of attorney fee compensation in the context of the Civil Rights Attorney Fees Award

Act of 1976, 18 U.S.C. § 1988).[1] Although receiving nominal damages does not automatically disqualify a plaintiff from obtaining attorney fee compensation, "it does bear on the reasonableness of any attorney's fee award" because the "most critical factor in determining the reasonableness of an attorney's fees award is the degree of success obtained." *Id.* Thus, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* Simply put, this Court has held that the "technical vindication" a plaintiff receives when awarded nominal damages is generally insufficient to justify an attorney fee award. *Id.* at 717.

McBurrows's attorneys achieved a degree of success insufficient to warrant an award of attorney fees and costs. McBurrows sought damages in excess of $500,000 but was awarded only a dollar in damages. This indicates that the jury believed that McBurrows failed to prove that he was injured as a result of the retaliatory employment actions undertaken by the Department. The jury's award of only nominal damages is therefore an indication that McBurrows's attorney did not achieve the success hoped for in this case. We therefore hold that the district court did not abuse its discretion in denying McBurrows's motion for attorney fees.

## IV.

For the reasons discussed above, we AFFIRM the district court's judgment.

---

[1] The standard applied to attorney fee requests under section § 1988 is the same as that which controls requests made under section 2000(e). *See Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983).