NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 14a0378n.06

Case No. 13-2231

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
May 20, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| SANDRA GLOWACKI, Parent and Next Friend of DKG, a minor, and DCG, a minor; DCG, a minor child by Sandra Glowacki, Parent and Next Friend, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| and | ) ) | |
| DANIEL GLOWACKI, | ) ) | |
| Plaintiff-Appellant, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR |
| v. | ) ) | THE EASTERN DISTRICT OF MICHIGAN |
| HOWELL PUBLIC SCHOOL DISTRICT, | ) ) | |
| Defendant, | ) ) | |
| and | ) ) | |
| JOHNSON MCDOWELL, individually and in his official capacity as a teacher in the Howell Public School District, | ) ) ) ) | |
| Defendant-Appellee. | ) | |

BEFORE:  MERRITT, COOK, and STRANCH, Circuit Judges.

COOK, Circuit Judge.  Daniel Glowacki appeals the district court's denial of his request for attorney's fees in this civil-rights suit against his former school district and one of its teachers.  Because the court exercised sound discretion in concluding that the judgment in Glowacki's favor represents technical relief warranting no award of attorney's fees, we affirm.

I.

Daniel contributed to a classroom discussion about bullying at Howell High School by proclaiming that his religion forbids him to "accept gays."  The teacher leading the discussion, Johnson McDowell, "became emotional" and "threw Daniel out of class and wrote up a referral for unacceptable behavior."  The school district disagreed with McDowell's actions and removed any record of the incident from Daniel's disciplinary file.  School authorities formally reprimanded McDowell, writing that he "displayed a serious lack of professionalism when [he] slammed [the] door, raised [his] voice and attempted to discipline students for their beliefs."  The reprimand stated that his "actions were in violation of District policies and guidelines."

This incident prompted Daniel's mother to file suit under 42 U.S.C. § 1983 on behalf of him and her other minor son, D.C.G., against the school district and McDowell.  The Glowackis alleged that the school district violated the children's rights to free expression (First Amendment) and equal protection (Fourteenth Amendment) by (1) propounding unconstitutional anti-bullying and religious-expression policies and (2) inadequately training and supervising teachers regarding school policies.  According to the complaint, McDowell violated Daniel's rights by removing him from class for his remark.  The suit sought, among other things, to enjoin the school district from enforcing certain parts of its policies, a declaratory judgment that McDowell violated Daniel's rights, and nominal damages.

The district court, classifying the case against the school district as "legally and factually frivolous," granted summary judgment to the school on all claims against it. As determined by the court, D.C.G. lacked standing to sue because he suffered no injury in fact. Moreover, the school's policies treated students equally and permitted teachers to stifle student expression only in the interest of preventing substantial disruptions, and nothing showed that the school inadequately trained teachers.

As for McDowell, however, the court granted summary judgment in favor of Daniel, denying McDowell qualified immunity and concluding that removing Daniel from class violated his First Amendment right to free expression. The court entered a declaratory judgment and ordered McDowell to pay $1.00 in nominal damages.

Declaratory judgment and $1.00 in hand, Daniel sought $116,465.88 in attorney's fees and $7,661.73 in costs under 42 U.S.C. § 1988, which grants a district court discretion to award the "prevailing party" in a § 1983 action "reasonable" attorney's fees as part of the costs. 42 U.S.C. § 1988(b). The court, applying *Farrar v. Hobby*, 506 U.S. 103, 113 (1992), concluded that Daniel's nominal-damages award made him a "prevailing party" but deemed the reasonable fee to be zero. Daniel appeals.

## II.

We review a district court's denial of attorney's fees to a prevailing plaintiff for an abuse of discretion. *Wikol ex rel. Wikol v. Birmingham Pub. Sch. Bd. of Educ.*, 360 F.3d 604, 611 (6th Cir. 2004). "A district court abuses its discretion when it relies upon clearly erroneous factual findings, applies the law improperly, or uses an erroneous legal standard." *Id*. "An abuse of discretion may also be found when the reviewing court is firmly convinced that a mistake has

been made." *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (internal quotation marks omitted).

*Farrar* held that, though an award of nominal damages grants a plaintiff prevailing-party status because it "materially alters the legal relationship between the parties," the "technical" nature of the award "does bear on the propriety of fees awarded under § 1988." 506 U.S. at 114. "In some circumstances, even a plaintiff who formally 'prevails' . . . should receive no attorney's fees at all." *Id*. at 115. "[T]he most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Id.* at 114 (internal quotation marks omitted); *see Waldo v. Consumers Energy Co.*, 726 F.3d 802, 822 (6th Cir. 2013). The majority opinion in *Farrar* provides little guidance on what makes a judgment "technical" other than to suggest that courts should compare the amount of damages sought to the amount awarded. *Farrar*, 506 U.S. at 114. Justice O'Connor's concurrence, however, articulates two additional factors.[1] The first considers "the significance of the legal issue on which the plaintiff claims to have prevailed." *Farrar*, 506 U.S. at 121 (O'Connor, J., concurring). The second asks whether the litigation "accomplished some public goal other than occupying the time and energy of counsel, court, and client." *Id*. at 121−22 (O'Connor, J., concurring). Reviewing these factors, we conclude that the district court exercised sound discretion in labeling Daniel's judgment technical.

---

[1]Justice O'Connor joined the majority opinion without reservation but wrote separately "only to explain more fully why, in [her] view, it [was] appropriate to deny fees in [that] case." *Farrar*, 506 U.S. at 116 (O'Connor, J., concurring). Though some circuits have held that a district court should consider Justice O'Connor's two additional factors, *see Jama v. Esmor Corr. Servs., Inc.*, 577 F.3d 169, 176 (3d Cir. 2009) (joining the Seventh, Eighth, Ninth, and Tenth Circuits in "adopt[ing] Justice O'Connor's factors for resolving the degree of success inquiry"), we have never so held. We have no occasion to do so here given that all considerations point to awarding no attorney's fees.

Regarding the *Farrar* majority's inquiry—the degree of success obtained—the district court concluded that the judgment in Daniel's favor "accomplished little" because it "did not order McDowell to alter his future conduct nor would any such order have benefitted [Daniel], who graduated by the time the court rendered its decision." And, the court continued, the judgment "did nothing" to achieve "the primary goal of the underlying litigation"—"to alter, amend, or otherwise change the school district's policies."

Daniel attacks this assessment, arguing that McDowell "would not have appreciated the wrongfulness of his conduct, or modified his behavior as a result of that realization, without the court's declaratory judgment." But a declaratory judgment typically must "affect[] the behavior of the defendant *toward the plaintiff*" to even render the plaintiff a prevailing party. *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988) (per curiam) (emphasis added); *see Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 620 (6th Cir. 2013). The declaratory judgment in *Rhodes*—recognizing that prison officials violated prisoners' rights—could not sustain an award of attorney's fees because "one of the plaintiffs had died and the other was no longer in custody," 488 U.S. at 2; in other words, a "modification of prison policies . . . could not in any way have benefited either plaintiff," *id*. at 4. *See also Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989) ("[T]he plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant."). Here, likewise, Daniel could not benefit from any change to McDowell's teaching style; he therefore gained nothing from the declaratory judgment other than "the moral satisfaction that results from a[] favorable statement of law." *Farrar*, 506 U.S. at 112 (alteration omitted).

Moreover, Daniel leaves undisputed the district court's determination that he and his brother focused primarily on enjoining enforcement of the school's policies, not on obtaining

relief with respect to McDowell. The Glowackis' emphasis on the school district—a losing proposition—further supports the notion that Daniel obtained minimal success. *See Aponte v. City of Chicago*, 728 F.3d 724, 728, 731 (7th Cir. 2013) (finding an award of fees inappropriate when "the plaintiff was aiming high and fell short, and in the process inflicted heavy costs on his opponent and wasted the time of the court") (internal citations and alterations omitted); *Jama v. Esmor Corr. Servs., Inc.*, 577 F.3d 169, 176 (3d Cir. 2009) (noting that courts "should consider . . . the difference between the relief sought and achieved").

Still, Daniel argues that the nominal damages suffice for attorney's fees because he never sought compensatory damages. *See, e.g.*, *Farrar*, 506 U.S. at 115 (rejecting an award of attorney's fees to a plaintiff who requested $17 million in compensatory damages but won only nominal damages)); *Pouillon v. Little*, 326 F.3d 713, 719 (6th Cir. 2003) (Boggs, J., concurring) (noting that the court's denial of attorney's fees to a plaintiff who won only nominal damages was "explained by the fact that [the plaintiff] only sought money damages"). But nothing in *Farrar* confines its technical-judgment analysis to unsuccessful claims for monetary damages. *See* 506 U.S. at 117 (O'Connor, J., concurring) ("When the plaintiff's success is purely technical or *de minimis*, no fees can be awarded."); *Pouillon*, 326 F.3d at 717 (noting that "technical vindication of one's constitutional rights alone is not enough to justify an award of attorney's fees pursuant to § 1988"); *Bridges v. Mallett-Godwin*, 110 F.3d 63, 1997 WL 137383, at *2 (6th Cir. Mar. 25, 1997) (per curiam) (rejecting plaintiff's attempt to distinguish *Farrar* by the fact that his "primary objective[] . . . [was not] compensation and damages awards"). As the Supreme Court reminds, "Congress intended that statutory fee awards be adequate to attract competent counsel, but not produce windfalls to attorneys." *City of Riverside v. Rivera*, 477 U.S. 561, 580 (1986) (citation and internal quotation marks and alterations omitted); *see also Binta B.*

*ex rel. S.A.*, 710 F.3d at 612 ("Congress and the Supreme Court have made it abundantly clear that the aim of . . . § 1988 is not for the purpose of aiding lawyers." (internal quotation marks omitted)).

Justice O'Connor's two additional factors support the district court's denial of attorney's fees here. Regarding "the significance of the legal issue on which the plaintiff claims to have prevailed," *Farrar*, 506 U.S. at 121 (O'Connor, J., concurring), the district court reasonably concluded that this factor weighed against Daniel because, though he succeeded on the First Amendment liability issue against McDowell, his primary claims against the school district failed. *See Aponte*, 728 F.3d at 731 (noting that "a victory on just one of eight legal claims is not significant"); *Phelps v. Hamilton*, 120 F.3d 1126, 1132 (10th Cir. 1997) ("The second factor in the *Farrar* calculus goes beyond the actual relief rewarded to examine the extent to which the plaintiffs succeeded on their theory of liability.").

The public-interest factor similarly weighs against rewarding fees. Like the district court, we are "hard-pressed to uncover the public purpose vindicated by the instant action, particularly since the only claim on which [Daniel] prevailed dealt with an isolated classroom incident" already addressed by the school district's reprimand of McDowell. Daniel emphasizes the vindication of his First Amendment rights with respect to McDowell, yet "since all [§] 1983 claims seek to redress the deprivation of . . . rights, . . . this factor is not satisfied merely because the plaintiff establishes . . . that his constitutional rights have been infringed." *Maul v. Constan*, 23 F.3d 143, 146 (7th Cir. 1994) (internal quotation marks omitted).

Daniel gleans a public purpose in "caus[ing] educators" to "consider and acknowledge" that students maintain their First Amendment rights in school settings. But, because the Supreme

Court long ago established this principle, *see Tinker v. Des Moines Ind. Comm. Sch. Dist.*, 393 U.S. 503, 506 (1969) (describing the rule that "[n]either students [n]or teachers shed their constitutional rights to freedom of speech or expression at the schoolhouse gate" as "the unmistakable holding of [the] Court for almost 50 years"), Daniel's case simply applied the well-established principle in a context where it was already being enforced. After all, the school recognized the inappropriateness of McDowell's conduct from the very beginning. And though Daniel claims that his case gained "national attention,"[2] he cites no authority suggesting that public attention alone constitutes a public purpose.

We decline to disturb the district court's determination that Daniel obtained only technical relief warranting no attorney's fees. *See Imwalle v. Reliance Med. Prods., Inc.*, 515F.3d 531, 551 (6th Cir. 2008) (noting that the "trial court's exercise of discretion is entitled to substantial deference" because of the "'court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

III.

We AFFIRM.

---

[2]Daniel cites only one blog post for this proposition. *See* Mark Walsh, *Judge Backs Student Who Said he Couldn't "Accept Gays,"* Education Week (June 20, 2013, 6:19 PM), http://blogs.edweek.org/edweek/school_law/2013/ 06/judge_backs_student_who_said_h.html.