NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0511n.06
No. 19-1158

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Oct 10, 2019
DEBORAH S. HUNT, Clerk

HLV, LLC,                                      )
                                               )
   **Plaintiff–Appellant,**                    )      ON APPEAL FROM THE
                                               )      UNITED STATES DISTRICT
v.                                             )      COURT FOR THE WESTERN
                                               )      DISTRICT OF MICHIGAN
VAN BUREN COUNTY et al.,                       )
                                               )
   **Defendants–Appellees.**                   )      OPINION
                                               )

Before: MOORE, McKEAGUE, and LARSEN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Plaintiff HLV, LLC ("HLV") appeals the district court's denial of its motion for attorney's fees and costs. After a trial, the jury concluded that Defendant Gary Stewart, Jr. had conspired to violate HLV's constitutional rights, but it awarded HLV only $1.00 in nominal damages. Because HLV's success in its efforts to win compensatory and punitive damages was de minimis, the district court did not abuse its discretion by denying HLV's motion for attorney's fees and costs. We affirm.

**I. BACKGROUND**

We have previously detailed the underlying factual circumstances giving rise to this appeal in our decision in *HLV, LLC v. Van Buren County* ("*HLV I*"), 775 F. App'x 204 (6th Cir. 2019). We briefly recount the facts here.

HLV filed a collection action in Van Buren County Circuit Court to recover monies owed by ELC Leasing ("ELC"). HLV and ELC reached a settlement agreement, which Judge Paul

Hamre approved. ELC failed to comply with its obligations under the settlement agreement, but Judge Hamre enjoined HLV from collecting what it was owed. HLV's agents visited ELC's offices, attempting to collect information from ELC pertaining to debts ELC owed HLV. ELC called the police, and criminal charges were eventually filed against HLV agents. HLV representatives later participated in a telephonic conference with Judge Hamre and Kelly Page and Gary Stewart, attorneys for ELC. Page and Stewart participated from Hamre's chambers. After the conference officially ended, HLV's representatives overheard and recorded a continued conversation between Hamre, Page, and Stewart in which the three discussed the settlement agreement and made negative remarks about HLV's representatives. HLV moved to disqualify Hamre; he resigned his judicial post soon thereafter.

HLV then initiated a separate lawsuit, alleging that Hamre, Page, Stewart, and other parties conspired to violate HLV's due-process rights. All defendants except Stewart were eventually dismissed from the suit. The case went to trial before a jury, which found that Stewart had conspired to violate HLV's constitutional rights. The jury, however, awarded only $1.00 in nominal damages and no punitive damages. HLV moved for $490,797.90 in costs and attorney's fees pursuant to Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 1988(b), along with prejudgment interest. R. 518 (Mot. for Costs and Attorney Fees at 2) (Page ID #7662). Defendant opposed HLV's motion. The district court denied HLV's motion for attorney's fees, concluding that the case had "been primarily driven by a potential award of monetary damages, which never materialized." *HLV, LLC v. Stewart*, 355 F. Supp. 3d 633, 636 (W.D. Mich. 2019) (R. 543 (Order Denying Mot. for Attorney's Fees and Costs at 3) (Page ID #9374)). It also denied the request for

costs because HLV had won only nominal damages and had refused multiple settlement offers. *Id.* at 637–38.

HLV appealed the district court's dismissal of Hamre as a defendant as well as several of the district court's evidentiary rulings. We affirmed Hamre's dismissal as well as those evidentiary rulings in *HLV I*. HLV separately appealed the district court's denial of its motion for attorney's fees and costs. We now address the propriety of the district court's refusal to award attorney's fees and costs.

## II. DISCUSSION

We "review[] a district court's decision on a motion for attorneys' fees for abuse of discretion." *Virostek v. Liberty Twp. Police Dep't*, 14 F. App'x 493, 509 (6th Cir. 2001).

Title 42 U.S.C. § 1988(b) provides that in actions to enforce § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . ." In *Farrar v. Hobby*, 506 U.S. 103 (1992), the plaintiff sought $17 million in damages for a violation of his civil rights. *Id.* at 106. The jury concluded that the defendants had committed civil-rights violations but assessed no damages. *Id.* at 106–07. The plaintiffs then sought attorney's fees under 42 U.S.C. § 1988, which the district court granted. *Id.* at 107. The Supreme Court held that, even though the plaintiffs had been the prevailing party in the litigation, the district court had abused its discretion by awarding "attorney's fees without 'consider[ing] the relationship between the extent of success and the amount of the fee award.'" *Id.* at 115–16 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983)). This is because "[i]n determining the reasonableness of a fee award 'the most critical factor . . . is the degree of success obtained.'" *Cramblit v. Fikse*, 33 F.3d 633, 635

(6th Cir. 1994) (quoting *Farrar*, 506 U.S. at 114) (ellipsis in original). The Supreme Court noted that "[i]n some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all. A plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Farrar*, 506 U.S. at 115.

We have repeatedly applied *Farrar* to affirm district courts' denials of motions for attorney's fees. In *Cramblit v. Fikse*, the plaintiff prevailed in her § 1983 suit, but the jury awarded her only nominal damages—$1.00 in compensatory damages and $1.00 in punitive damages. 33 F.3d at 634. She then sought $59,705.00 in attorney's fees. The district court denied her request. *Id.* The plaintiff appealed, arguing that she had been successful in the district court because not only did she seek monetary damages, she also sought "vindicat[ion] [of] of her constitutional rights." *Id.* at 635. We affirmed the district court's denial of attorney's fees, concluding that "[her] primary goal . . . was to obtain monetary damages." *Id.* We observed that, under *Farrar*, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* (quoting *Farrar*, 506 U.S. at 115). Similarly, in *Glowacki v. Howell Public Sch. Dist.*, 566 F. App'x 451 (6th Cir. 2014), we affirmed the district court's denial of attorney's fees where the plaintiff won declaratory relief and $1.00 in nominal damages. *Id.* at 453, 456; *see also McBurrows v. Michigan Dep't of Transp.*, 159 F. App'x 638, 641 (6th Cir. 2005) (affirming denial of attorney's fees where plaintiff won $1.00 in damages); *Pouillon v. Little*, 326 F.3d 713, 715 (6th Cir. 2003) (reversing the district court's grant of attorney's fees to a plaintiff who sought compensatory and punitive damages but won only $2.00).

4

In contrast, when a plaintiff wins more than mere nominal damages, a district court will often abuse its discretion by refusing to award attorney's fees. For example, in *Hescott v. City of Saginaw*, 757 F.3d 518 (6th Cir. 2014), we reversed the district court's denial of attorney's fees when the jury awarded the plaintiffs $5,000 in compensatory damages, although the plaintiffs had sought considerably more. *Id.* at 521; *see also Deja Vu of Nashville, Inc. v. Metro. Gov't*, 421 F.3d 417, 423–24 (6th Cir. 2005) (concluding that where the plaintiff achieved the "excellent" result of securing a permanent injunction against the legislation it challenged, it was entitled to fees and costs absent a showing of "special circumstances that would render an award of fees unjust").

Relatedly, "[a]lthough costs are generally awarded to a prevailing party as a matter of course, the district court maintains discretion in choosing to tax the costs of litigation against a losing party under Rule 54(d) of the Federal Rules of Civil Procedure." *Virostek*, 14 F. App'x at 510. We have deemed the denial of prevailing parties' motions for costs proper in situations in which "the prevailing party's recovery is so insignificant that the judgment amounts to a victory for the defendant." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986); *see also Virostek*, 14 F. App'x at 511 (affirming the denial of costs where the plaintiff "recovered no more than $1 in nominal damages").

HLV's situation is governed by *Farrar* and our prior cases affirming district courts' denials of attorney's fees and costs where plaintiffs won only nominal damages. HLV sought considerable compensatory and punitive damages and was awarded only $1.00. As in *Cramblit* and *Glowacki*, the district court did not abuse its discretion by concluding that HLV's "attorneys achieved a

degree of success insufficient to warrant an award of attorney fees and costs." *McBurrows*, 159 F. App'x at 641.

HLV attempts to dispute the district court's denial of its motion for attorney's fees and costs by relitigating some of the district court's underlying evidentiary rulings, which HLV claims contributed to the jury's de minimis damages award. *See* Appellant Br. at 29–47. Those rulings are not properly before us on this appeal. *See id.* at 2 (Statement of the Issues Presented); Appellee Br. at 3 (Counter-Statement of the Case). Furthermore, we have already decided those very issues against HLV in *HLV I*.

Finally, HLV's reliance on *Hescott v. City of Saginaw* is unavailing. In *Hescott* itself, we drew a distinction between the facts we faced there—a jury awarding $5,000 in compensatory damages—and the facts in cases like *Farrar*, in which the plaintiffs "proved [no] actual, compensable injury." 757 F.3d at 524–25. The instant case falls under *Farrar* rather than *Hescott* because the jury awarded nominal damages to HLV, not simply a lower figure than what the plaintiff originally sought.

## III. CONCLUSION

For the reasons discussed above, we affirm the district court's denial of HLV's motion for attorney's fees and costs.