*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0114P (6th Cir.)
File Name: 03a0114p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

―――――――――――

JAMES POUILLON,
　　　　*Plaintiff-Appellee,*

　　*v.*

SHARON LITTLE and W.G.
BLANCHETT,
　　　　*Defendants-Appellants.*

No. 01-1619

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 97-70413—Anna Diggs Taylor, District Judge.

Argued: December 6, 2002

Decided and Filed: April 16, 2003

Before: BOGGS, SILER, and GIBBONS, Circuit Judges.

―――――――――――

**COUNSEL**

**ARGUED:** Jason D. Kolkema, JOHNSON, ROSATI, LaBARGE, ASELTYNE & FIELD, Lansing, Michigan, for Appellants. Michael J. Gildner, SIMEN, FIGURA & PARKER, Flint, Michigan, for Appellee. **ON BRIEF:** Jason D. Kolkema, JOHNSON, ROSATI, LaBARGE, ASELTYNE & FIELD, Lansing, Michigan, for Appellants. Michael J.

Gildner, SIMEN, FIGURA & PARKER, Flint, Michigan, for Appellee.

GIBBONS, J., delivered the opinion of the court, in which SILER, J., joined. BOGGS, J. (p. 10), delivered a separate concurring opinion.

―――――――――――

**OPINION**

―――――――――――

JULIA SMITH GIBBONS, Circuit Judge. Plaintiff-appellee James Pouillon is an anti-abortion activist who was arrested by police officers Sharon Little and W.G. Blanchett while he was staging an abortion protest on the steps of the city hall building in Owosso, Michigan. Pouillon sued officers Little and Blanchett seeking compensatory and punitive damages. Pouillon rejected two pre-trial settlement offers pursuant to Federal Rule of Civil Procedure 68, and after two trials punctuated by a previous trip to this court, Pouillon won a jury verdict of $2.00. After the jury verdict, Pouillon moved for attorney's fees pursuant to 42 U.S.C. § 1988 and defendants moved for costs pursuant to Federal Rule of Civil Procedure 68. The district court granted Pouillon's motion for fees and denied defendants' motion for costs.

This appeal presents two issues: (1) whether the jury award in favor of Pouillon for nominal damages supports an award of attorney's fees pursuant to § 1988, and (2) whether an unaccepted Rule 68 offer loses its cost-shifting effect after an appeal and remand. For the reasons set forth below, we hold that the jury award in favor of Pouillon for nominal damages does not support an award of attorney's fees pursuant to § 1988 and that an unaccepted Rule 68 offer does not lose its cost-shifting effect after an appeal and remand. Accordingly, we reverse the district court's judgment and remand for further proceedings consistent with this opinion.

## I.

For over ten years, James Pouillon staged abortion protests almost daily on the public sidewalk in front of the city hall building in Owosso, Michigan. On December 22, 1994, Pouillon moved his protest from his customary post on the sidewalk to a position on the steps of city hall. On that day, police officers Sharon Little and W.G. Blanchett arrested James Pouillon after he refused their orders to move back to the sidewalk.

Pouillon filed this action in Michigan state court against the City of Owosso and police officers Little and Blanchett, alleging false arrest and malicious prosecution.[1] Defendants removed the action to federal court, characterizing Pouillon's complaint as a First Amendment claim. In federal court, Pouillon amended his complaint to allege explicitly violations of his First and Fourth Amendment rights. In his amended complaint, Pouillon requested compensatory damages, punitive damages, and attorney's fees.

On December 2, 1997, defendants served Pouillon with a formal offer of judgment, pursuant to Federal Rule of Civil Procedure 68, in the amount of $2,500, inclusive of costs and attorney's fees. Pouillon did not accept this offer. On March 30, 1998, defendants served Pouillon with a second formal offer of judgment, pursuant to Rule 68, in the amount of $10,001, inclusive of costs and attorney's fees. Pouillon did not accept this offer either.

A four-day jury trial commenced on April 14, 1998, and the jury returned a verdict in favor of defendants. Pouillon appealed, and this court affirmed in part, reversed in part, and remanded the case to the district court for further proceedings. *Pouillon v. City of Owosso*, 206 F.3d 711 (6th Cir. 2000). Specifically, this court affirmed the district court's dismissal of Pouillon's claim for punitive damages, but this court found that the district court had instructed the jury incorrectly on the

---

[1] The district court dismissed Pouillon's claims against the City of Owosso, and Pouillon has not appealed this dismissal.

law and had improperly submitted questions of law to the jury. *Id.*

After this court issued its opinion, Pouillon offered to accept defendants' prior settlement offer of $10,001, but defendants declined to reinstate their prior offer, which had been deemed withdrawn pursuant to Rule 68. A second jury trial commenced, and the second jury returned a verdict in favor of Pouillon in the amount of $2.00. After the verdict, Pouillon moved to recover attorney's fees pursuant to 42 U.S.C. § 1988 and defendants moved to recover costs pursuant to Federal Rule of Civil Procedure 68. The district court granted Pouillon's motion for attorney's fees in the amount of $35,690 and denied defendants' motion for costs. Defendants appeal the district court's order granting Pouillon's motion for attorney's fees and the district court's order denying their motion for costs.

## II.

### A. The District Court's Award of Attorney's Fees to Pouillon

The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988(b), permits a court in its discretion to award the "prevailing party" in a § 1983 action "reasonable" attorney's fees as part of the costs. Even a plaintiff who wins only nominal damages is considered a "prevailing party" for purposes of § 1988. *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). Although the technical nature of a nominal damages award does not disqualify a plaintiff from prevailing party status, it does bear on the reasonableness of any attorney's fees award. *Id.* at 114. The most critical factor in determining the reasonableness of an attorney's fees award is the degree of success obtained. *Id.* In a civil rights action for compensatory and punitive damages, the awarding of only nominal damages highlights the plaintiff's failure to prove actual injury or any basis for awarding punitive damages. *See id.* at 115. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually

no fee at all." *Id.* (citations omitted) (affirming the Fifth Circuit's reversal of a district court's award of attorney's fees to a plaintiff who won only nominal damages); *see also Cramblit v. Fikse*, 33 F.3d 633, 635 (6th Cir. 1994) (affirming a district court's denial of attorney's fees to a plaintiff who won only nominal damages).

Despite the Supreme Court's warnings about awarding attorney's fees to a civil rights plaintiff who has won only nominal damages, the district court awarded Pouillon attorney's fees in a brief oral ruling. In support of its decision to award Pouillon attorney's fees, the district court praised the efforts of Pouillon's attorneys on the record and stated, "I'm sure if you ask Mr. Pouillon, he feels that he was vindicated in his First Amendment Rights by the action that they took here." We review a district court's award of attorney's fees pursuant to 18 U.S.C. § 1988 for abuse of discretion. *Cramblit*, 33 F.3d at 634.

Joseph Farrar, the plaintiff in *Farrar v. Hobby*, also had his constitutional rights vindicated when the jury found that defendant Hobby had deprived Farrar of a civil right and the Fifth Circuit ruled that Farrar was entitled to nominal damages against Hobby. *Farrar*, 506 U.S. at 107. The Supreme Court, however, held that the district court had abused its discretion by granting Farrar attorney's fees based on his "technical" victory. *Id.* 114. With regard to Farrar's lawsuit, the Supreme Court stated, "This litigation accomplished little beyond giving petitioners 'the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated' in some unspecified way." *Id.* at 114 (quoting *Hewitt v. Helms*, 482 U.S. 755, 762 (1987)). Therefore, in *Farrar*, the Supreme Court held that technical vindication of one's constitutional rights alone is not enough to justify an award of attorney's fees pursuant to § 1988.

According to his complaint, Pouillon initiated this lawsuit seeking compensatory and punitive damages against the City of Owosso and police officers Little and Blanchett. In the

end, he recovered neither compensatory nor punitive damages against any defendant, and he recovered only $2.00 in nominal damages from officers Little and Blanchett. Pouillon's technical victory does not demonstrate a degree of success sufficient to justify an award of attorney's fees pursuant to § 1988. Pouillon has not demonstrated that his case is distinguishable from the "usual" case where a prevailing civil rights plaintiff is not entitled to attorney's fees when all that he has won is a technical vindication of rights in the form of nominal damages. *See Farrar*, 506 U.S. at 115 (holding that nominal damages are "usually" not enough to justify an award of attorney's fees); *see also Johnson v. City of Aiken*, 278 F.3d 333, 338 (4th Cir. 2002) (holding that a district court abused its discretion in awarding attorney's fees under § 1988 to a civil rights plaintiff who won only nominal damages). Accordingly, the district court abused its discretion in granting Pouillon's motion for attorney's fees.

Pouillon argues that this court should affirm the district court's grant of attorney's fees because Pouillon was successful in accomplishing his alleged primary goal in this litigation: obtaining a finding of liability against defendants. Pouillon argues that recovering a substantial money judgment was never a primary goal of this litigation. In other words, Pouillon argues that he was primarily seeking only a technical victory in this case. In support of this contention, Pouillon cites his counsel's closing argument to the second jury in which Pouillon's counsel suggested that the jury award nominal damages if the jury found that Pouillon had not suffered any actual injury. Pouillon also points out that his attorney requested the jury instruction on nominal damages.

Putting aside the issue of whether Congress through § 1988 intended to encourage individuals to pursue civil rights litigation seeking mere technical victories, the history of this case belies Pouillon's contention that this action was more about obtaining a finding of liability than recovering a substantial money judgment. Pouillon's complaint explicitly requested compensatory and punitive damages. Pouillon did not file a complaint for a declaratory judgment or for

injunctive relief. Moreover, as early as December 1997, defendants offered that judgment be entered against them for $2,500, but Pouillon declined to accept. Before the first trial, Pouillon also declined to accept an offer of judgment against defendants for $10,001. Pouillon's offer to accept the prior offer of $10,001 occurred only after the city had been dismissed as a defendant and this court had affirmed the district court's dismissal of Pouillon's claim for punitive damages.

If Pouillon's primary interest had been obtaining a judgment against defendants regardless of amount, he would have accepted either of defendants' two pretrial offers of judgment. If Pouillon had been primarily interested in obtaining a jury finding of liability, he would not have offered to accept $10,001 in settlement from defendants once his case against the city and his claim for punitive damages had been dismissed. By the end of the second trial, Pouillon had lost his claim against the city and his claim for punitive damages, his offer to settle for $10,001 had been rejected, and he had put on very little evidence of actual injury. The mere fact that Pouillon's counsel suggested the possibility of a nominal damages award under these circumstances does not indicate that Pouillon's $2.00 judgment achieved his primary goal in this litigation. Significantly, Pouillon's counsel suggested that the second jury award Pouillon $10,000. Pouillon received 1/5,000 of this amount.

## B. The District Court's Denial of Post-Offer Costs to Defendants

Federal Rule of Civil Procedure 68 provides that a party defending against a claim may make a pretrial offer of settlement and if the offeree does not accept within ten days and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." Rule 68 encourages early settlements by increasing the risks to claimants of continuing to litigate once the defending party has made a settlement offer. If the claimant does not accept the offer

within ten days, then even if the claimant eventually prevails in the litigation, he will be forced to pay his own and the defending party's post-offer costs if his victory is not more favorable than the offer. Although normally a district court's award or denial of costs is reviewed for abuse of discretion, Rule 68's language is mandatory and leaves a district court without any discretion. *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 295 (6th Cir. 1989).

The district court in this case nevertheless declined to give effect to defendants' two Rule 68 offers, neither of which was accepted by Pouillon within ten days. The district court's explanation for its decision was to note that both of these offers were made before the first trial and were not renewed after this court remanded the case for a second trial.

Nothing in the language of Rule 68 suggests that a Rule 68 offer that is not accepted within ten days ever loses its cost-shifting effect in the life of a case. Rule 68, by its own language, requires that an offer made pursuant to the rule be compared to the judgment "finally obtained." There is no requirement that a Rule 68 offer must be renewed after an appeal and remand to continue its effectiveness. *See Payne v. Milwaukee County*, 288 F.3d 1021, 1024 (7th Cir. 2002) (rejecting as "simply wrong" a plaintiff's argument that a defendant's Rule 68 offer is inoperative if it is not renewed after an appeal and remand). The Advisory Committee Notes to the 1946 Amendment to Rule 68 address this precise issue and state that "as long as the case continues – whether there be a first, second or third trial – and the defendant makes no further offer, his first and only offer will operate to save him the costs from the time of that offer if the plaintiff ultimately obtains a judgment less than the sum offered."

Because the $2.00 judgment finally obtained by Pouillon is not more favorable than defendants' initial Rule 68 offer of $2,500, Rule 68 requires that Pouillon pay all costs incurred by both sides after the date of the offer, December 2, 1997. Accordingly, the district court erred by denying defendants' motion for post-offer costs.

## III.

For all the foregoing reasons, we reverse the district court's order granting Pouillon's motion for attorney's fees, reverse the district court's order denying defendants' motion for post-offer costs, and remand for the purpose of determining the amount of the post-offer costs to which defendants are entitled.

---

### CONCURRENCE

---

BOGGS, Circuit Judge, concurring.  I concur in Judge Gibbons's thorough opinion in this case. I write separately to emphasize two points. The first is the importance of Rule 68 of the Rules of Civil Procedure, and its potential use in reducing litigation when used correctly, as it was in this case. Rule 68 should force parties on both sides of the case to focus their attention on a realistic assessment of the value of their case. It encourages defendants to make a realistic offer, by providing them with a potential benefit, the payment of their costs, should their assessment be vindicated by the outcome, as it was in this case. It should also force plaintiffs to make a realistic assessment, which perhaps did not occur in this case, to the ultimate sorrow of the plaintiffs. It can be an important tool for the prompt and satisfactory disposition of disputes. *See Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989).

With respect to the other portion of the court's opinion, it is important to note the reason for Pouillon's failure to obtain attorney's fees in this case, even though he did receive a fairly significant benefit in that the court's judgment upheld his right to protest on the steps of City Hall, at least in the specific manner that he did on December 22, 1994. Our holding that the extent of his victory was nugatory is wholly explained by the fact that he only sought money damages. As the court carefully notes at pages 6-7, he "did not file a complaint for a declaratory judgment or for injunctive relief." Such a complaint might have even more emphatically vindicated his right to be free from arbitrary and unjustified arrest for his protests, which might then have led to a different outcome as to attorney's fees. Since he did not do this, I concur in the court's opinion.