Paul L. Maloney, United States District Judge
This matter is before the Court on Plaintiff HLV, LLC's motion for attorney's fees and costs as a prevailing party under Federal Rule of Civil Procedure 54(d)(2) and 42 U.S.C. § 1988(b). HLV seeks $490,797.90 in attorney's fees, costs and related fees, and additional prejudgment interest to be determined. Defendant Gary Stewart has filed a response in opposition to Plaintiff's motion, requesting that the Court deny the motion and disallow an award of attorney's fees and costs because Plaintiff was only a marginally successful litigant, having been awarded solely nominal damages by the jury. The Court agrees with Stewart and will DENY HLV's motion for attorney's fees and costs.
I.
The history is well-worn. In December 2013, HLV and related entities filed suit against numerous Defendants including Van Buren County, the Village of Paw Paw, Kelly Page, Gary Stewart, the Page & Stewart Partnership, Judge Paul Hamre, Peggy Grote, Michael McKay, and Michael Bedford. HLV raised claims under RICO (Counts I-III), § 1983 (Counts IV-VI), and a state-law claim for tortious interference with contract. More than four years later, after three rounds of dispositive motions, innumerable discovery disputes, and extended pretrial motion practice, HLV settled with Kelly Page and proceeded to trial against Defendant Gary Stewart. After six days of trial, a jury concluded that Gary Stewart had conspired with Paul Hamre, or with Kelly Page and Paul Hamre, to deprive HLV of its property without due process of law.
However, the Court had previously found that HLV had never satisfactorily produced a method of computing compensatory damages arising from the conspiracy-HLV's principals had testified that they had been paid in full on the underlying debt collection lawsuit-, had failed to adequately respond to discovery requests relating to damages, and so it precluded HLV from seeking compensatory damages against Stewart at trial. Therefore, the jury was instructed that if it found for HLV on the cause of action against Stewart, it was to award nominal damages and could further consider punitive damages.
In closing argument, HLV urged the jury to award punitive damages and suggested that the jury begin with a figure of $300,000 "per overt act" and outlined nine overt acts that it viewed to be in furtherance of the conspiracy. Thus, HLV asked the jury to award a total of $2.7 million in punitive damages. (ECF No. 532 at PageID.8917.) The jury was not so persuaded. It awarded $1 in nominal damages but declined to award punitive damages to HLV.
Now, Plaintiff, as a prevailing party, seeks $490,797.90 in attorney's fees and costs under Rule 54(d)(2) and 42 U.S.C. § 1988(b).
*636 A. Attorney's Fees Under § 1988
The Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988(b), permits a court in its discretion to award the "prevailing party" in a § 1983 action "reasonable" attorney's fees as part of the costs. Even a plaintiff who wins only nominal damages is considered a "prevailing party" for purposes of § 1988. Farrar v. Hobby , 506 U.S. 103, 112, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992). Although the technical nature of a nominal damages award does not disqualify a plaintiff from prevailing party status, it does bear on the reasonableness of any attorney's fees award. Id. at 114, 113 S.Ct. 566. The most critical factor in determining the reasonableness of an attorney's fees award is the degree of success obtained. Id. In a civil rights action for compensatory and punitive damages, the awarding of only nominal damages highlights the plaintiff's failure to prove actual injury or any basis for awarding punitive damages. See id. at 115, 113 S.Ct. 566. "When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." Pouillon v. Little , 326 F.3d 713 (6th Cir. 2003) (quoting Farrar, id. ).
Here, like in Pouillon and Farrar , HLV's technical victory "accomplished little beyond giving [it] the moral satisfaction of knowing that a federal court concluded that [its] rights had been violated ...." Farrar , 506 U.S. at 114, 113 S.Ct. 566 (quoting Hewitt v. Helms , 482 U.S. 755, 762, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987). As Stewart notes in opposition to HLV's motion, HLV's case for attorney's fees is particularly weak because, unlike Pouillon , where the plaintiff's primary goal was obtaining a finding of liability against the defendants, this matter has been primarily driven by a potential award of monetary damages, which never materialized.
In its motion, HLV makes only fleeting reference to Farrar and its progeny, citing it only for the proposition that a civil rights plaintiff who receives a nominal damages award is a prevailing party. (See ECF No. 519 at PageID.7670.) HLV does not address Farrar 's conclusion that, [w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." Id. at 116, 113 S.Ct. 566.
Instead, HLV ignores Farrar and asserts that an award of attorney's fees is "mandatory under § 1988 absent 'special circumstances.' " (ECF No. 519 at PageID.7670 (quoting Hescott v. City of Saginaw , 757 F.3d 518, 523 (6th Cir. 2014). As it happens, Hescott provides a useful demonstration for why HLV is not entitled to attorney's fees under § 1988.
The Hescott plaintiffs filed suit under § 1983 after their rental property was demolished by the City of Saginaw after it had fallen into disrepair while one of the owners was deployed away from Michigan. The City never notified the plaintiff before or after demolition and kept no inventory of what was left after the demolition. Ultimately, a jury found that the City violated the Fourth Amendment by seizing aluminum siding after the demolition and awarded $5,000 in damages. However, the jury rejected supplemental state-law claims for the inverse condemnation of the property, and the Court granted qualified immunity to the individual defendants as a matter of law. After judgment entered, the plaintiff and City moved the Court for taxable costs and attorney's fees. The district court denied the plaintiff's motion for attorney's fees, invoking Justice O'Connor's balancing test from Farrar . See 506 U.S. at 117, 113 S.Ct. 566 (O'Connor, J., *637 concurring). Specifically, the district court found that, based on the degree of success obtained-"a modest jury award"- and the fact that the Constitutional violation "was of little effect[,]" the plaintiffs were not entitled to an award of attorney's fees.
On appeal, the Hescott panel chided the district court for relying in part on Farrar in denying the plaintiff's motion for attorney's fees because it found Farrar to be "legally and factually distinguishable." The Court first noted that Farrar dealt with the reasonableness of an attorney's fee award, not whether special circumstances warranted an outright denial. Second, and "more importantly" the court noted that unlike the plaintiff in Farrar that had sought $17 million and received one dollar, the plaintiff had succeeded in showing an actual, compensable injury. Thus the court found that Farrar was inapplicable.
Here, the factors that led the Hescott court to find Farrar distinguishable are not present. HLV, like Farrar, sought a multi-million-dollar award of monetary damages, and came away with solely nominal damages. And Stewart does not rely on Farrar alone. He has collected several other Sixth Circuit opinions in which the Circuit has faithfully applied Farrar and declined to award attorney's fees to a technically-successful prevailing plaintiff who failed to secure compensatory or punitive damages. (ECF No. 521 at PageID.7763-64; see id. ("The holdings of Farrar , Hadix, Pouillon , Cramblit, McBurrows, and Glowacki are all fatal to Plaintiff's request."). Accordingly, the Court finds that, based on the jury verdict awarding HLV $1.00 in nominal damages, the only reasonable fee award is no award of fees at all. HLV's motion for attorney's fees is thus DENIED.
B. Costs under FRCP 54(d)
Stewart urges the Court to deny both the motion for attorney's fees and costs under Farrar and the Sixth Circuits opinions which followed from it. But Farrar does not address a prevailing party's right to costs under Federal Rule of Civil Procedure 54(d). Nor do Hadix, Pouillon , Cramblit, McBurrows , or Glowacki address the taxing of costs. But the same general analysis holds.
"Costs are generally awarded to a prevailing party as a matter of course, the district court maintains discretion in choosing to tax the costs of litigation against a losing party under Rule 54(d) of the Federal Rules of Civil Procedure." Virostek v. Liberty Twp. Police Dept. , 14 F. App'x 493 (6th Cir. 2001) (citing Jones v. Continental Corp., 789 F.2d 1225, 1233 (6th Cir. 1986) ). However, the district "court's discretion is more limited than it would be if the rule were nondirective," and "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." Id. (quoting Goostree v. Tenn. , 796 F.2d 854, 863-64 (6th Cir. 1986), cert denied sub nom . 480 U.S.918 (1987) ).
This case presents a classic example in which to depart from the general rule of awarding costs. "[W]here the district court has found "the prevailing party's recovery [to be] so insignificant that the judgment amount[ed] to a victory for the defendant[,]" it is within the Court's discretion to disallow costs. White & White, Inc. v. American Hosp. Supply Corp. , 786 F.2d 728, 730 (6th Cir. 1986) ; see Virostek , 14 F. App'x at 511 (finding no abuse of discretion in denying request for costs where plaintiff prevailed on Title VII claim but received only nominal damages).
The Court also notes the history of settlement negotiations between the parties. HLV rejected numerous settlements at dollar figures significantly higher than the *638 award it ultimately received from the jury. (See ECF No. 521-1.) This provides an alternative, independently-sufficient justification to disallow costs. See McKelvey v. Secretary of United States Army , 768 F.3d 491, 495 (6th Cir. 2014) (affirming reduction of costs and fees to plaintiff because "[f]ew, if any, reasonable litigants would call a monetary judgment that comes in well under the money offered to settle the case a success."). The Court is particularly struck by the April 13 and 14, 2018 communication from Attorney Callahan to HLV's counsel, Donald Visser. There, Stewart extended an offer to HLV to settle the case for $100,000 and forecasted that, if HLV proved unsuccessful at trial, Stewart would oppose an award of attorney's fees pursuant to Farrar . That is precisely what has occurred.
In sum, the Court finds that Stewart has overcome the presumption favoring an award of costs in HLV's favor because HLV's success at trial was limited to a $1 award of nominal damages, although it had sought significant punitive damages. HLV's motion with respect to costs is likewise DENIED.
IT IS SO ORDERED.