**NOT RECOMMENDED FOR PUBLICATION**

File Name: 20a0109n.06

Case No. 19-3363

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**

Feb 20, 2020

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TED BOWMAN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| CITY OF OLMSTED FALLS, et al., | ) | OHIO |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: GRIFFIN and DONALD, Circuit Judges; and BERTELSMAN, District Judge*[1]

**BERNICE BOUIE DONALD, Circuit Judge.** Ted Bowman has owned the property that is the subject of this suit for nearly two decades. His dispute with the City of Olmsted Falls and its Chief Building Official Robert McLaughlin has been going on for nearly as long. This is the second time Bowman's crusade against "governmental tyranny" has reached this Court. In the first instance, we affirmed the district court's grant of summary judgment to the City, reversed its denial of attorney's fees to the City, and remanded for a cost and fees analysis. After conducting the analysis, the district court granted the City's motion, awarding $34,489.19 in fees and costs. Because Bowman's continued litigation is frivolous, unreasonable, and without foundation, we **AFFIRM**.

---

[1] The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

Ted Bowman purchased Permanent Parcel No. 291-10-007 (the "property") in May 2001. By 2002, however, the City of Olmsted Falls, Ohio, (the "City") had hired Robert McLaughlin as its Chief Building Official. That same year Bowman received what would become the first of many citations for his use of the property—for illegally cutting down trees and installing a driveway without a permit. Although this was just the beginning of the parties' issues, we need only a concise rendition to answer the question presented here; for a more detailed background of the citations levied against Bowman and the variances he sought in return, *see Bowman v. City of Olmsted Falls*, 756 F. App'x 526, 527-29 (6th Cir. 2018) [hereinafter the "*Prior Action*"].

By April 2016, the parties agreed to enter into a settlement whereby the City would dismiss all but one pending case against Bowman and in return Bowman would plead guilty to a violation of City Ordinance 1210.03. The one remaining case in the Cuyahoga County Court of Common Pleas (the "Common Pleas Case") involved the City's petition for injunctive relief to prevent Bowman from conducting open dumping and storage of inappropriate materials on the property. On May 28, 2015, the parties executed an Agreed Judgment Entry (the "AJE") in which Bowman agreed to remove specified materials from his property within a given timeline. On March 1, 2016, however, because Bowman failed to comply with the agreed timeline, the court appointed a receiver and ordered the removal of the inappropriate items to be auctioned off to fund the removal. Bowman attempted to remove the receiver, but the Common Pleas Court denied his motion. The Eighth District Court of Appeals Cuyahoga County ("Eighth Appellate Court") affirmed on appeal.

On August 19, 2016, Bowman filed suit in the Northern District of Ohio, claiming a deprivation of his rights pursuant to 42 U.S.C. § 1983, naming the City and McLaughlin as defendants. He alleged that defendants violated his Fifth and Fourteenth Amendment rights by taking his property without just compensation and selectively enforcing the City's ordinance laws

against him. The district court granted the City's motion for summary judgment, finding that Bowman was collaterally estopped from raising both of his claims, that he waived his takings clause claim when he entered into the AJE, and that he failed to provide any evidence supporting the first element of his selective enforcement claim. Finally, and pertinent to the instant appeal, the district court denied the City's motion for attorney's fees and costs pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54 in a one-sentence text order: "The Court cannot say that the action was frivolous, unreasonable, or without foundation."

Bowman appealed the grant of summary judgment to this Court, and the City cross-appealed the denial of attorney's fees and costs. We affirmed the district court's grant of summary judgment to the City. *Prior Action*, 756 F. App'x at 532. As for the City's cross-appeal, we reversed the denial of attorney's fees and costs because the district court provided insufficient analysis to determine if the court had abused its discretion, *see Hensley v. Eckerhart*, 461 U.S. 424, 452 (1983) (Brennan, J., concurring in part and dissenting in part), and remanded the action "for a cost and fees analysis consistent with this order." *Prior Action*, 756 F. App'x at 532. On remand, after conducting a proper analysis, the district court reversed course, granting the City's motion for attorney's fees and costs, awarding the City $34,489.19. Bowman now appeals the district court's order.

The Civil Rights Attorney's Fees Award Act of 1976 (the "Act"), 42 U.S.C. § 1988(b), allows a court to award "a reasonable attorney's fee as part of the costs" for the "prevailing party" in a § 1983 action. *Pouillon v. Little*, 326 F.3d 713, 716 (6th Cir. 2003) (internal quotations omitted). While the Act ordinarily provides prevailing plaintiffs with a method to recover their attorney's fees, a prevailing defendant may also recover attorney's fees from the plaintiff if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in

subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Id.*

"We review a district court's award of attorney's fees [and costs] pursuant to 42 U.S.C. § 1988 for abuse of discretion." *Pouillon*, 326 F.3d at 717. "A district court abuses its discretion when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard." *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998).

Bowman raises three issues on appeal. First, he contends that the City was not the prevailing party in the *Prior Action* because the summary judgment ruling in its favor was pursuant to a procedural matter. Second, he argues that his claims in the *Prior Action* were not "frivolous, unreasonable or without foundation." Finally, he asserts that the fees awarded by the district court are not reasonable under the prevailing standards. We address each contention in turn.

"Congress intended to permit the . . . award of counsel fees only when a party has prevailed on the merits." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (quoting *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (per curiam)). Bowman contends that his claims were dismissed, not on the merits, but on the procedural grounds of collateral estoppel and waiver. This argument is absurd. While collateral estoppel and waiver may be procedural in nature, they are premised on preventing the relitigation of claims already decided *on the merits*. First, as to his selective enforcement claim, we held that Bowman was unable to establish even the first element of his claim, *Prior Action*, 756 F. App'x at 529, or, in other words, that the merits of his claim failed to create a genuine issue of material fact. Regarding his takings clause claim, we held that, because Bowman had already asserted that claim and lost before the Common Pleas Court and the Eighth Appellate Court, he was collaterally estopped from relitigating it. *Id.* at 531. Collateral estoppel itself requires that an

adjudication in the prior action be made on the merits. *Knafel v. Pepsi-Cola Bottlers of Akron, Inc.*, 899 F.2d 1473, 1477 (6th Cir. 1990). Clearly a party relitigating claims that have already been decided on the merits is the exact kind of unfounded action which the Act intends to prevent. A party granted summary judgment via the application of collateral estoppel is a prevailing party for the purposes of 42 U.S.C. § 1988.

Bowman further argues that, even if the City is a prevailing party, his claims are not "frivolous, unreasonable or without foundation." Neither of his claims, however, are supported by any foundation, and, even though Bowman's "ultimate failure [was] clearly apparent from the beginning," he continued to litigate them. *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985). "Bowman failed to introduce any proof in response to [the City's] motion for summary judgment that created a *genuine* issue as to at least the first element [of his selective enforcement claim]." *Prior Action*, 756 F. App'x at 530. "During his deposition, he admitted that he had no evidence of discriminatory intent, and that the theories he proffered in the lawsuit amounted to 'speculation on [his] part.'" *Id.* (alteration in original). Mere speculation and intuition do not form a foundation to support a claim.

As for his takings clause claim, we affirmed the district court's holding that this claim was barred by collateral estoppel. "Bowman had his day in court on these questions" because "the issues between [this case and his Common Pleas Case] are identical." *Id.* at 532. It was clear that Bowman's taking clause claim had already been adjudicated; thus, raising that claim again in the district court was unreasonable.

To be sure, "[a]n award of attorney's fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Jones v. Continental Corp.*, 789 F.2d 1225, 1232 (6th Cir. 1986). Because Bowman's action here does

nothing but further waste the court's time and multiply the legal costs of his adversaries, such a sanction is warranted. District courts in this Circuit have awarded attorney's fees to defendants forced to litigate similarly unfounded § 1983 actions. *See, e.g.*, *Steele v. City of Cleveland*, No. 1:08CV1131, 2010 WL 2760396, at *1-2 (N.D. Ohio July 12, 2010) (awarding defendant attorney's fees and costs pursuant to § 1988 because "no facts existed which supported the claim advanced by the plaintiff" in her § 1983 action); *Kennedy v. Grattan Twp.*, No. 1:06-cv-657, 2007 WL 1108566, at *3-4 (W.D. Mich. Apr. 10, 2007) (awarding defendants attorney's fees and costs because the plaintiff had already "been given a full and fair opportunity to litigate his claims in the state courts" and his attempt to relitigate the claims was clearly barred by collateral estoppel).

Finally, Bowman disputes the reasonableness of the attorney's fees awarded by the district court. "[T]he 'product of reasonable hours times a reasonable rate' normally provides a 'reasonable' attorney's fee within the meaning of the statute." *Blum v. Stenson*, 465 U.S. 886, 897 (1984) (quoting *Hensley*, 461 U.S. at 434). We review the "reasonableness" of the district court's award for clear error. *Wayne v. Vill. of Sebring*, 36 F.3d 517, 532 (6th Cir. 1994) (citing *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1176 (6th Cir. 1990)). The City provided an affidavit from its attorney with a supporting summary of the services provided, which the district court used to calculate the $31,450 in attorney's fees and $3039.19 in costs, for a total of $34,489.19. Bowman does not directly address how these calculations are unreasonable under our precedents. Instead, he contends that he was entitled to a hearing on the matter, which would have provided him an opportunity to address the unreasonable aspects of the City's requests and his own hardship to pay such an award. Bowman points to no case law requiring an evidentiary hearing, and as here, where the written record provides an adequate basis for determination and he has failed to provide any sound challenges to such basis, the district court had no need to hold a

hearing. *See In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 303 (1st Cir. 1995) ("The controlling legal principle, then, is that parties to a fee dispute do not have the right to an evidentiary hearing on demand. When the written record affords an adequate basis for a reasoned determination of the fee dispute, the court in its discretion may forgo an evidentiary hearing.").

For the foregoing reasons, we **AFFIRM** the fees and costs awarded to defendants in the amount of $34,489.19.