Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/03/2023 09:10 AM CDT

Boone River, LLC, and 11T NE, LLC, Nebraska
limited liability companies, appellees, v.
Nancy J. Miles and Cheryl L. Bettin,
appellants, and Robert R.
Moninger, appellee.

___ N.W.2d ___

Filed November 3, 2023.    No. S-22-673.

SUPPLEMENTAL OPINION

Appeal from the District Court for Douglas County: LeAnne M. Srb, Judge. Former opinion modified. Motion for rehearing overruled.

Aimee S. Melton, Ronald E. Reagan, and Megan E. Shupe, of Reagan, Melton & Delaney, L.L.P., for appellants.

Marc Odgaard for appellees Boone River, LLC, and 11T NE, LLC.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Per Curiam.
This case is before us on a motion for rehearing filed by the appellees, Boone River, LLC, and 11T NE, LLC (11T), concerning our opinion in *Boone River, LLC v. Miles*, 314 Neb. 889, 994 N.W.2d 35 (2023).

We overrule the motion, but modify the opinion as follows:

In the analysis section, under the heading "2. CLAIM PRECLUSION" and the subheading "(b) 11T," we withdraw the third paragraph and substitute the following:

11T argues that it cannot be precluded from raising its unjust enrichment claim because at the time it filed its complaint in the first lawsuit, it had not yet made the tax payments for which it now seeks an unjust enrichment recovery. In support of this argument, 11T cites cases generally holding that a party is not precluded from raising claims that arose before the entry of judgment in a prior action but after the filing of the complaint. See, e.g., *Hatch v. Boulder Town Council*, 471 F.3d 1142 (10th Cir. 2006). The rationale for such decisions, however, is that in such instances, it is up to the plaintiff in the prior action to decide if it wishes to amend its pleadings to have claims that arose after the filing of the complaint adjudicated in the first lawsuit. See, e.g., *Computer Associates Intern., Inc. v. Altai, Inc.*, 126 F.3d 365, 370 (2d Cir. 1997) ("[a]lthough a plaintiff may seek leave to file a supplemental pleading to assert a new claim based on actionable conduct which the defendant engaged in after a lawsuit is commenced, . . . he is not required to do so"). But in this case, as we have explained above with respect to Boone River, the first lawsuit involved a unique procedural setting in which Miles and Bettin themselves raised the issue of 11T's entitlement to reimbursement for its payment of taxes through their request to quiet title in their names and their accompanying posting of a bond. Because Miles and Bettin raised the issue of 11T's entitlement to reimbursement in the first lawsuit and the relief 11T seeks could have been awarded as part of the relief Miles and Bettin sought, we find the authority 11T relies upon distinguishable.

The remainder of the opinion shall remain unmodified.

FORMER OPINION MODIFIED.

MOTION FOR REHEARING OVERRULED.