Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/11/2025 08:10 AM CDT

Boone River, LLC, and 11T NE, LLC,
Nebraska limited liability companies, appellees,
v. Nancy J. Miles and Cheryl L. Bettin, appellants,
and Robert R. Moninger, appellee.

___ N.W.3d ___

Filed April 11, 2025.    No. S-24-273.

1. **Judgments: Statutes: Appeal and Error.** When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below.
2. **Judgments: Appeal and Error.** The construction of a mandate issued by an appellate court presents a question of law.
3. **Jurisdiction.** The question of jurisdiction is a question of law.
4. **Judgments: Costs.** The obligation under Neb. Rev. Stat. § 25-901 (Cum. Supp. 2024) for the plaintiff to pay costs when "the plaintiff fails to obtain judgment for more than was offered by the defendant" applies both when the plaintiff wins a monetary judgment in its favor for an amount that is less than the offer and also when judgment is entered against the plaintiff and in favor of the defendant and the plaintiff in effect obtains a judgment of zero dollars.
5. **Judgments: Costs: Appeal and Error.** An offer of judgment under Neb. Rev. Stat. § 25-901 (Cum. Supp. 2024) does not lose its cost-shifting effect during the life of the case, including on remand from an appeal.
6. **Costs: Attorney Fees: Words and Phrases.** "Cost," under Neb. Rev. Stat. § 25-901 (Cum. Supp. 2024), does not include attorney fees.

Appeal from the District Court for Douglas County: LeAnne M. Srb, Judge. Reversed and remanded with directions.

Ronald E. Reagan, Aimee S. Melton, and Megan E. Shupe, of Reagan, Melton & Delaney, L.L.P., for appellants.

Marc Odgaard for appellees Boone River, LLC, and 11T NE, LLC.

FUNKE, C.J., MILLER-LERMAN, CASSEL, STACY, PAPIK, FREUDENBERG, and BERGEVIN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Nancy J. Miles and Cheryl L. Bettin appeal the order of the district court for Douglas County in which the court determined on remand, following our decision in *Boone River, LLC v. Miles*, 314 Neb. 889, 994 N.W.2d 35 (2023), *modified on denial of rehearing* 315 Neb. 413, 996 N.W.2d 629, that it lacked jurisdiction to consider Miles and Bettin's request for costs pursuant to Nebraska's offer of judgment statute, Neb. Rev. Stat. § 25-901 (Cum. Supp. 2024), because such an award was beyond the scope of our mandate. We conclude that Miles and Bettin's request for costs under § 25-901 was properly raised after judgment was entered based on our mandate, and we therefore reverse the order and remand the matter with directions to the district court to determine costs to which Miles and Bettin are entitled under § 25-901, with the understanding that "cost" recoverable under § 25-901 does not include attorney fees.

## STATEMENT OF FACTS

The controversy among the parties in this case began when Boone River, LLC, purchased a tax certificate and later obtained a tax deed for property owned by Miles, Bettin, and Robert R. Moninger, who are siblings. Boone River transferred the property to 11T NE, LLC (11T), and 11T sued Miles, Bettin, and Moninger to quiet title to the property. The defendants brought Boone River into the case as a third-party defendant. The court in the quiet title action found that Boone River had not complied with tax sale statutes, and the court therefore voided the tax deed held by 11T and quieted title in Miles, Bettin, and Moninger.

In November 2019, Boone River and 11T filed a complaint against Miles, Bettin, and Moninger, setting forth claims of unjust enrichment and seeking compensation for taxes paid and maintenance costs incurred on the property before the tax deed was voided in the quiet title action. In a responsive pleading, Miles and Bettin set forth affirmative defenses, including an assertion that the action was barred because Boone River and 11T should have pursued their claims for unjust enrichment in the quiet title action. Moninger filed his own answer and generally did not join in Miles and Bettin's defense of the action.

In 2022, following a bench trial on the unjust enrichment claims, the district court entered judgment in favor of Boone River and 11T to the extent that Miles, Bettin, and Moninger had been unjustly enriched by Boone River and 11T's payment of taxes on the property before the deed was declared void. In response to a motion to alter or amend filed by Miles and Bettin, the court modified the amount of the judgment, and the court entered judgment in the amount of $16,918.68 in favor of Boone River and 11T.

Of significance to the issues in this appeal, we note that during the pendency of the unjust enrichment action, on January 14, 2021, Miles and Bettin had filed an amended response in which they added a counterclaim. In the counterclaim, Miles and Bettin alleged, inter alia, that on September 16, 2020, they had made an offer to Boone River and 11T, pursuant to § 25-901, to confess judgment in the sum of $2,500 and that Boone River and 11T did not accept the offer. Miles and Bettin alleged that if Boone River and 11T recovered less than $2,500, Boone River and 11T would be required to pay Miles and Bettin costs from September 16 to the disposition of the case. In the conclusion of the amended response, Miles and Bettin requested an order dismissing them as parties and, inter alia, awarding them attorney fees under § 25-901. In a response to the counterclaim, Boone River and 11T admitted that Miles and Bettin had made the offer to confess judgment

and that they had not accepted the offer, but they otherwise denied the counterclaim. As noted above, the district court's judgment on the unjust enrichment claims exceeded $2,500, and the court's order of judgment did not address Miles and Bettin's counterclaim relating to § 25-901.

Miles and Bettin appealed the judgment in the unjust enrichment action to this court. On appeal, we agreed with Miles and Bettin's claims of preclusion and reversed the judgment as to them. Because Moninger did not appeal, we affirmed the judgment as to him. In our conclusion, we stated as follows: "Because we find that Miles and Bettin have shown that Boone River and 11T are precluded from litigating the unjust enrichment claims against them, we reverse the judgment against Miles and Bettin. We affirm the judgment against Moninger." *Boone River, LLC v. Miles*, 314 Neb. 889, 904, 994 N.W.2d 35, 46 (2023), *modified on denial of rehearing* 315 Neb. 413, 996 N.W.2d 629. Our mandate was filed on December 11, 2023, and it stated in part that the district court was to "proceed to enter judgment in conformity with the judgment and opinion of [the] court" and that "[c]osts of this appeal are to be paid by appellee."

On December 12, 2023, the district court filed an order stating that pursuant to our mandate, the judgment had "been AFFIRMED in part and in part reversed . . . and costs are to be paid by appellee." On December 19, Miles and Bettin filed a motion for costs, including attorney fees, to which they asserted they were statutorily entitled pursuant to § 25-901. In the motion, Miles and Bettin alleged that they were entitled to costs "from September 16, 2020, to the conclusion of this matter, as pled in their Counterclaim" and further that an order for such costs was "mandated by the Order of the Supreme Court of Nebraska."

Boone River and 11T objected to the motion for costs that Miles and Bettin filed in the district court following the appeal and our mandate. Boone River and 11T also filed a motion in which they alleged that Miles and Bettin's motion

for costs was frivolous, and they sought an award of attorney fees and costs for defending the motion. Miles and Bettin filed an amended motion in which they alleged that their "costs" from the time of the September 16, 2020, offer of judgment included $51,825 "for attorney's fees" and $2,070.30 "for expenses." They attached an affidavit of their attorney setting forth such fees and expenses.

After a hearing, the district court filed an order on March 18, 2024, in which it ruled on Miles and Bettin's and Boone River and 11T's respective motions for costs. Rulings related to these motions give rise to this appeal. The court stated that Miles and Bettin characterized their motion for costs both as an independent motion for costs under § 25-901 and as a motion pursuant to their counterclaim. The court acknowledged that "[f]ollowing the judgment on remand," Boone River and 11T had recovered less than the $2,500 offer of judgment. However, the court agreed with Boone River and 11T's argument that Miles and Bettin's motion for costs was not properly before the court because it was "outside the mandate." In its ruling, the court cited *Klingelhoefer v. Monif*, 286 Neb. 675, 839 N.W.2d 247 (2013). We reasoned in *Klingelhoefer* that, in moving for costs and fees, the party was attempting to obtain further relief that had not previously been requested and that the district court had no jurisdiction to entertain the motion. Thus, in *Klingelhoefer*, under the facts of that case, we determined that "a request for damages, costs, and fees [was] outside the mandate of the appellate court." 286 Neb. at 679, 839 N.W.2d at 251.

The district court in this case determined that Miles and Bettin had failed to raise the issue of costs pursuant to § 25-901 in their appeal and that they "could have alleged both that the [district court] erred in entering judgment for [Boone River and 11T] and that, because of that error, it further erred in not awarding costs related to the 'counterclaim' or directly under § 25-901." The court further stated that Miles and Bettin had not argued on appeal that appellate jurisdiction

was lacking because their counterclaim remained pending. The court concluded that it lacked jurisdiction "except to ministerially enter the judgment of the appellate Court" and that it was not "empowered to consider a novel motion for costs." The court therefore dismissed Miles and Bettin's motion with prejudice, and the court stated that because of the dismissal, it did not reach the issue whether attorney fees are awardable as "cost" under § 25-901. The court determined that Miles and Bettin's motion was not frivolous or brought in bad faith and therefore overruled Boone River and 11T's motion for costs and fees.

Miles and Bettin filed a motion to alter or amend and requested that the district court (1) "factually determine reasonable fees for services rendered at the trial court and appellate levels" and (2) "legally determine whether attorney's fees are recoverable as costs" under § 25-901. The court overruled the motion to alter or amend, stating that it "still lack[ed] jurisdiction over these issues."

Miles and Bettin appeal.

ASSIGNMENTS OF ERROR

Miles and Bettin claim, restated, that the district court erred when it dismissed their motion for costs and failed to grant relief pursuant to § 25-901.

STANDARDS OF REVIEW

[1-3] When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *In re Estate of McCormick*, 317 Neb. 960, 12 N.W.3d 802 (2024). The construction of a mandate issued by an appellate court presents a question of law, *In re Masek Family Trust, ante* p. 268, 15 N.W.3d 379 (2025), and the question of jurisdiction is a question of law, *In re Estate of Koetter*, 312 Neb. 549, 980 N.W.2d 376 (2022).

ANALYSIS

This appeal presents questions regarding the interpretation and application of § 25-901, including the appropriate time at which a party may seek costs recoverable under the statute. We therefore set forth the text of § 25-901, which provides:

> The defendant in an action for the recovery of money only may, at any time before the trial, serve upon the plaintiff or the plaintiff's attorney an offer in writing to allow judgment to be taken against the defendant for the sum specified therein. If the plaintiff accepts the offer and gives notice thereof to the defendant or the defendant's attorney, within five days after the offer was served, the offer and an affidavit that the notice of acceptance was delivered in the time limited may be filed by the plaintiff or the defendant may file the acceptance, with a copy of the offer verified by affidavit. In either case, the offer and acceptance shall be entered upon the record, and judgment shall be rendered accordingly. If the notice of acceptance is not given in the period limited, the offer shall be deemed withdrawn and shall not be given in evidence or mentioned on the trial. If the plaintiff fails to obtain judgment for more than was offered by the defendant, the plaintiff shall pay the defendant's cost from the time of the offer.

The final sentence of § 25-901, which provides, "If the plaintiff fails to obtain judgment for more than was offered by the defendant, the plaintiff shall pay the defendant's cost from the time of the offer," is at issue in the present case. As we read the language of the statute, the plaintiff's obligation to pay the defendant's cost arises only after the plaintiff has "fail[ed] to obtain judgment for more than was offered by the defendant." In the present case, when the district court entered its original judgment in 2022, an obligation under § 25-901 did not arise because at that time Boone River and 11T had obtained a monetary judgment for more than was offered by Miles and Bettin. It was not until after the appeal to this court,

when the district court filed its order based on our mandate, that a judgment was entered in the district court against Boone River and 11T entitling them to no monetary award and in favor of Miles and Bettin.

[4] We read the obligation under § 25-901 for the plaintiff to pay costs when "the plaintiff fails to obtain judgment for more than was offered by the defendant" to apply both when the plaintiff wins a monetary judgment in its favor for an amount that is less than the offer and also when, as in this case, judgment is entered against the plaintiff and in favor of the defendant and the plaintiff in effect obtains a judgment of zero dollars. This outcome flows from the language of § 25-901.

We are aware that the outcome where the plaintiff takes naught in Nebraska differs from precedent applying Fed. R. Civ. P. 68 (Rule 68), which relates to offers of judgment. Rule 68 states that the offeree must pay costs "[i]f the judgment that the offeree finally obtains is not more favorable than the unaccepted offer." Cases applying Rule 68 have held that the federal rule applies when judgment is entered in the plaintiff's favor for an amount less than the offer but that the rule does not apply when judgment is entered against the plaintiff and in favor of the defendant. See *Delta Airlines, Inc. v. August*, 450 U.S. 346, 101 S. Ct. 1146, 67 L. Ed. 2d 287 (1981) (stating that Rule 68 does not apply where judgment is entered against plaintiff-offeree and in favor of defendant-offeror).

The language of § 25-901 differs from the language of Rule 68. Nebraska's § 25-901 originated as part of the 1867 codification of statutes; thus, its language almost entirely predated, and was not modeled on, federal Rule 68. The only amendment, in 2018, merely substituted gender-neutral language for masculine pronouns and changed the description of the location of recording the offer and acceptance. See 2018 Neb. Laws, L.B. 193, § 10. We read § 25-901, and specifically the language "fails to obtain judgment for more than was offered by the defendant," to be more expansive than the language of Rule 68 and to include a judgment against the plaintiff

and in favor of the defendant. Therefore, in the present case, § 25-901 applies to the judgment entered after remand against Boone River and 11T and in favor of Miles and Bettin.

[5] As stated above, the requirement for a plaintiff to pay the defendant's cost under § 25-901 does not arise until the plaintiff has failed to obtain a judgment for more than was offered by the defendant, and in this case, that requirement did not arise until the judgment in favor of Miles and Bettin was entered by the district court in December 2023, following the appeal and remand. In this regard, we note that under Rule 68, federal courts have held that the offer of judgment is effective even after an appeal and remand. See, e.g., *Pouillon v. Little*, 326 F.3d 713 (6th Cir. 2003) (determining defendants' failure to renew offer of judgment after remand did not preclude such offer from requiring plaintiff to pay defendants' costs when plaintiff ultimately received judgment in amount less than offer). We read § 25-901 in the same way as Rule 68 in this respect. That is, we believe that the offer of judgment under § 25-901 does not lose its cost-shifting effect during the life of the case, including on remand from an appeal.

In this case, the offer of judgment made by Miles and Bettin during the pendency of the claim for unjust enrichment was still effective for purposes of cost shifting under § 25-901 after the appeal and remand when judgment was ultimately entered by the district court against Boone River and 11T and in favor of Miles and Bettin. Therefore, the requirement for Boone River and 11T to pay Miles and Bettin's cost under § 25-901 arose when the judgment in favor of Miles and Bettin was entered in December 2023 based on our mandate following the appeal.

Because the requirement under § 25-901 did not arise until the judgment was entered following our remand and mandate, it was appropriate for Miles and Bettin to ask the district court to address its existing request for relief under § 25-901 after the district court entered judgment on our mandate. When the district court determined it did not have jurisdiction

to consider the request, it relied on *Klingelhoefer v. Monif*, 286 Neb. 675, 839 N.W.2d 247 (2013). Because the facts and posture of *Klingelhoefer* differ from those in the instant case, the district court's reliance on *Klingelhoefer* was misguided. In *Klingelhoefer*, we reviewed, inter alia, an award of costs, expenses and attorney fees entered by the district court after the Nebraska Court of Appeals affirmed a monetary judgment and issued a mandate that directed the district court to "'enter judgment in conformity with the judgment and opinion'" of the Court of Appeals. 286 Neb. at 677, 839 N.W.2d at 250. In *Klingelhoefer*, we determined that the district court erred when it entertained the motion for costs, expenses, and attorney fees, primarily because the movant "had not previously requested [such award] from the district court or the Court of Appeals." 286 Neb. at 679, 839 N.W.2d at 251.

By contrast to *Klingelhoefer*, in the present case, the judgment originally entered by the district court did not entitle Miles and Bettin to recover for the existing request under § 25-901 and Miles and Bettin could not have actively requested costs under § 25-901 at that time. Instead, a judgment entitling Miles and Bettin to recover under § 25-901 was not entered until after the appeal to this court, as a result of which the original judgment was reversed as to Miles and Bettin, and the judgment entered by the district court based on our mandate was the judgment that gave rise to entitlement to relief under § 25-901. It was proper for Miles and Bettin to request relief under § 25-901 after the judgment based on our mandate was entered, and the district court erred when it determined that it lacked jurisdiction to consider the request. We therefore reverse the order of the district court that dismissed Miles and Bettin's motion and remand the matter to the district court with directions to consider Miles and Bettin's request for costs under § 25-901.

Because the district court determined that it did not have jurisdiction to consider Miles and Bettin's request, the district court declined to determine the issue raised by the parties

regarding whether attorney fees are recoverable as "cost" under § 25-901. Because we are remanding the matter for the district court to consider the request, it will be helpful on remand if we address that question. See *In re Estate of Lakin*, 310 Neb. 271, 965 N.W.2d 365 (2021) (stating that appellate court may, at its discretion, discuss issues unnecessary to disposition of appeal where those issues are likely to recur during further proceedings), *modified on denial of rehearing* 310 Neb. 389, 966 N.W.2d 268.

[6] Section 25-901 refers only to "cost," and it does not specifically refer to attorney fees. We have stated that "[t]he term 'costs' in a statute is not generally understood to include 'attorney fees.'" *Wetovick v. County of Nance*, 279 Neb. 773, 797, 782 N.W.2d 298, 318 (2010). The Legislature chose to refer only to "cost" in § 25-901, and we see nothing in § 25-901 that indicates an intent to include attorney fees as an item to be recovered. Cf. *Murray v. Stine*, 291 Neb. 125, 128, 129, 864 N.W.2d 386, 389 (2015) (stating that "statutorily authorized attorney fees" are "treated as an element of court costs" in case applying Neb. Rev. Stat. § 25-824 (Reissue 2008), which specifically provides for award of "reasonable attorney's fees and court costs"). Therefore, on remand, the district court should determine the cost Miles and Bettin may recover under § 25-901 with the understanding that "cost" under § 25-901 does not include attorney fees.

## CONCLUSION

We conclude that Miles and Bettin's request for costs under § 25-901 was properly raised after judgment was entered based on our mandate. We further conclude that the "cost" recoverable under § 25-901 does not include attorney fees. We therefore remand the matter with directions to the district court to determine costs to which Miles and Bettin are entitled under § 25-901, in accordance with this opinion.

Reversed and remanded with directions.